THE STANDARD MACHINERY COMPANY *v.* HOLTON *et al.*

In complaint upon an account, with closely conflicting evidence, a charge that "if the plaintiff fails to make out his case, or if you have any doubt as to whether the plaintiff has made out his case fully, the defendant should have a verdict, because it is the plaintiff's duty to make out his case before he is entitled to recover," is erroneous, and requires a new trial after verdict for the defendant, although no other error be found in the charge.

March 10, 1890.

Charge of court. New trial. Before Judge BOWER. Mitchell superior court. November term, 1888.

Reported in the decision.

I. A. BUSH, for plaintiff.

D. H. POPE, for defendant.

BLANDFORD, Justice.

This was an action brought by the plaintiff in error against the defendants in error upon an account. A verdict was had for the defendants, and the plaintiff moved for a new trial upon several grounds, one of which was as follows:

(4) Because the court erred in charging the jury that "if the plaintiff fails to make out his case, or if you have any doubt as to whether the plaintiff has made out his case fully, the defendant should have a verdict, because it is the plaintiff's duty to make out his case before he is entitled to recover." We think this charge was error, as it placed a higher duty upon the plaintiff than the law imposes. The plaintiff is required to make

out his case by a preponderance of the evidence ; that
is to say, the evidence should be so strong as to satisfy
the jury that the plaintiff is entitled to recover.   The
rule is, that the jury should be satisfied from all the
evidence in the case that the plaintiff is entitled to re-
cover, not that the defendant would be entitled to re-
cover if the jury should have any doubt as to whether
the plaintiff made out his case or not.   The principle
given in charge by the court in this case was stronger
than the rule applicable to a criminal case as ap-
plied to the State, which is, that the State should show
beyond a reasonable doubt.   This is the only error we
find in the charge of the court, but owing to the close-
ness of the facts of the case, we feel that the judgment
of the court below should be reversed upon this ground.

*Judgment reversed.*