## BRYANT *v.* DAVIS.

1. On the trial of an action involving a contest between the holder of a mortgage and the holder of a junior security deed, executed by the same person, conveying the same land, where it appeared that the mortgage was recorded before execution of the security deed, but the legality of the record was attacked on the ground that the signature of the unofficial subscribing witness was a forgery, and there was a sharp conflict of evidence upon that question, it was error requiring the grant of a new trial for the judge to charge: "In case you are undecided, after a consideration of the evidence in the case, as to which side should prevail, it would be your duty to resolve that doubt in favor of the defendant in this case, as the burden of proof lies with the plaintiff who brings a petition into court alleging the facts upon which it is necessary to base a recovery."

2. A mortgage on real estate, which contains no recital as to its place of execution, except the caption, "Georgia, Washington County," and the attesting clause wherein the official witness signs his name with the addition, "J. P., Bartow, Jefferson County, Georgia," is to be construed as showing upon its face that it was attested by the official witness in Jefferson County, and, if otherwise entitled to record, may be recorded in that county.

JULY 13, 1916.

Equitable petition. Before W. M. Goodwin, judge pro hac vice. Washington superior court. April 28, 1915.

*Jordan & Harris,* for plaintiff.

*Hardwick & Wright,* for defendant.

ATKINSON, J. 1. W. A. Thomas executed a mortgage on certain land to Lewis Davis, and subsequently executed a deed conveying the same land as security for debt to C. S. Bryant. In a contest between the holder of the mortgage and the holder of the

security deed, it was contended that the security deed should prevail, on the ground that the mortgage, though recorded before execution of the security deed, was improperly recorded and that the record thereof was insufficient to charge notice, and that the holder of the security deed received it without actual notice of the execution of the mortgage. The ground of attack upon the legality of the record of the mortgage was that the signature of the unofficial witness thereto was a forgery. On this question the evidence was in sharp conflict. Among the instructions to the jury, the judge charged: "In case you are undecided, after a consideration of the evidence in the case, as to which side should prevail, it would be your duty to resolve that doubt in favor of the defendant in this case, as the burden of proof lies with the plaintiff who brings a petition into court alleging the facts upon which it is necessary to base a recovery." One of the grounds of the motion for new trial complains of this charge. In order to be entitled to record, mortgages on realty must be attested by two witnesses. Civil Code, § 3257. In *Standard Machinery Co.* v. *Holton,* 84 *Ga.* 592 (10 S. E. 1016), it was held: "In complaint upon an account, with closely conflicting evidence, a charge that 'if the plaintiff fails to make out his case, or if you have any doubt as to whether the plaintiff has made out his case fully, the defendant should have a verdict, because it is the plaintiff's duty to make out his case before he is entitled to recover,' is erroneous, and requires a new trial after verdict for the defendant, although no other error be found in the charge." In *Central of Georgia Railway Co.* v. *Swann,* 144 *Ga.* 11 (85 S. E. 1001), it was held: "In all civil cases the issues are to be determined according to the preponderance of evidence, by which is meant that superior weight of evidence which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. Civil Code, §§ 5730, 5731. Accordingly, on the trial of an action against a railroad company by a mother for the homicide of her child, the charge: 'If, after the plaintiff has shown her dependence upon her son and his killing by the defendant's train, the evidence leaves the matter in such doubt that you are unable to say from the evidence in the case whether the railroad company was at fault as complained of, or not, as above explained to you, then

the burden would not have been carried, and you should find the issue of such negligence against the railroad company,' was erroneous on the ground that it ignored the rule of law providing for the determination of issues upon a preponderance of the evidence." When these rulings are applied to the present case, the charge complained of was error requiring the grant of a new trial.

2. The caption of the mortgage was: "Georgia, Washington County." The attesting clause was: "Signed, sealed, and delivered in the presence of N. S. Josey. S. B. Tarver, J. P., Bartow, Jefferson County, Georgia." It was contended that this was a void execution of the mortgage and did not entitle it to record, on the ground that it appeared on the face of the paper that Tarver, the official attesting witness, being a justice of the peace of Jefferson County, attested the paper in Washington County, and was without authority of law to do so; and notwithstanding extrinsic evidence to the effect that the witness attested the mortgage in the county of his official residence, such evidence would not render the record of the mortgage lawful. The caption of the mortgage was merely, "Georgia, Washington County," and if the attesting witness had signed his name thereto with recitals following it showing only that he was a justice of the peace in Jefferson County, the presumption would be that the paper was executed in Washington County, as indicated by the caption, and the execution would be illegal. *Allgood* v. *State,* 87 *Ga.* 668 (13 S. E. 569). But that was not all. In connection with the words indicating that the witness was a justice of the peace of Jefferson County, there was also the word "Bartow" in the attesting clause. The only possible effect that could be given to that word, when used in the connection in which it was employed, was that the paper was attested by the witness in Bartow, which is judicially known to be an incorporated town in Jefferson County. By giving effect to the whole of the attesting clause, it affirmatively appears from the face of the paper that it was attested by the official witness in the county of his official residence. In *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468), it was held: "Unless it appears from the face of the paper that the officer before whom it was officially attested was without the territorial limits of his official jurisdiction in attesting the same, it will be presumed that he was acting

within such jurisdiction." In the light of what has been said, it is manifest that the mortgage was entitled to record.

*Judgment reversed. All the Justices concur.*