## HAMMACK *v.* McDONALD.

1. The provisions of the act approved August 17, 1918 (Georgia Laws 1918, p. 209), entitled an act to provide for a prima facie presumption in cases of registration of certain instruments, etc., is applicable to the case of a registrable instrument which appears by its caption only to have been executed in one county and the official attesting witness appears to be an officer of another county not having jurisdiction to witness deeds in the county named in the caption, though the instrument to which it is held that this statute is applicable was executed and recorded before the passage of this act.
2. This does not render the act retroactive in the sense in which that term is used in the constitutional inhibition against the passage of retroactive laws.
3. As this case is remanded for a new trial upon other grounds, the court does not pass upon the question as to the sufficiency of the evidence to require the submission of other issues to the jury than those actually submitted, inasmuch as upon the next trial the evidence may be different from what it was upon the last.

No. 2954. MAY 20, 1922.

Equitable petition. Before Judge Worrill. Clay superior court. November 5, 1921.

An equitable petition was brought by George McDonald against his debtor, S. E. Fain; and H. E. Hammack, another creditor of Fain, was joined as one of the parties defendant. At the trial the controlling issues narrowed down to a contest between the plaintiff and H. E. Hammack as to who held the superior lien on certain land belonging to their common debtor. On July 28, 1919, S. E. Fain executed and delivered to Mrs. D. L. McDonald, as executrix of the estate of J. J. McDonald, a security deed covering this land, to secure the payment of his promissory note to her, of that date, for $5,000. This deed, which was duly attested and entitled to record, was recorded in Clay County, the residence of Fain, on July 30, 1919. On July 16 of the following year the holder of this note and security deed duly assigned the same to the plaintiff,

George McDonald. The lien asserted by H. E. Hammack was evidenced by a mortgage on part of the same land, under date of September 20, 1917, to secure the payment of a note for $2,657.55, signed by S. E. Fain and G. D. Fain, both the note and the mortgage being payable to the "Hammack Rish Bank," a trade-name under which H. A. Hammack transacted business. The caption of this mortgage was: "Georgia, Calhoun County." It purported to have been executed by S. E. Fain before two attesting witnesses: W. T. Davis and J. M. Davis, "Notary Public, Clay County, Ga." Whether or not it was entitled to record, it was, in point of fact, recorded in the office of the clerk of the superior court of Clay County on October 29, 1917.

The plaintiff prevailed in the court below. The defendant, H. E. Hammack, made a motion for new trial, and upon its refusal sued out a writ of error assigning error on the judgment overruling his motion for a new trial.

*E. L. Smith* and *A. L. Miller,* for plaintiff in error.

*Glessner & Collins,* contra.

BECK, P. J. (After stating the foregoing facts.) Tested by the law as it existed prior to the passage of the act of August 17, 1918 (Georgia Laws 1918, p. 209), entitled an act to provide for a prima facie presumption in cases of registration of certain instruments, etc., the prima facie presumption would be that the mortgage given by Fain to the Hammack Rish Bank was executed in Calhoun County before two attesting witnesses, one of whom assumed to act as an official witness outside of his own county, that is, Clay County (*Bryant* v. *Davis,* 145 *Ga.* 531, 89 S. E. 512), and was not, therefore, entitled to record in Calhoun County. And construing the law as it existed prior to the passage of the act above referred to, the authorities agree that if an instrument discloses on its face that it is not entitled to record, the actual record of it is ineffectual to charge the public with constructive notice. *Southern Iron &c. Co.* v. *Voyles,* 138 *Ga.* 258, 261 (75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369), and cases cited. But under the provisions of the act of August 17, 1918, a different presumption arises from that which arose from the facts stated above prior to the act; for it is expressly declared in this act that "wherever any deed, mortgage, or other registrable instrument appears by its caption only to be executed in one county,

and the official attesting witness appears to be an officer of another county, not having jurisdiction to witness deeds in the county named in the caption, the prima facie presumption shall be that the said deed was attested by the officer in the county in which he had authority to act, the caption to the contrary notwithstanding. Such deeds, mortgages, and other instruments shall be held prima facie entitled to record; but this presumption may be rebutted by due proof. Provided, that the terms of this act shall not apply to any pending litigation." But it is contended that this act is not applicable to the facts of the present case, and that to hold that it is applicable would render it repugnant to the constitutional prohibition against the passage of retroactive laws. We do not think that to apply it to registrable instruments executed before the passage of the act, and actually recorded before that date, would render the law retroactive in the sense in which that term is used in the constitution. It would deprive no one of any vested rights. The law is remedial, and should be liberally construed. In the case of *Mills* v. *Geer,* 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934), it was said: "Under the act of December 21, 1897 (Acts of 1897, pp. 79-81), in a suit to recover land the defendant who has bona fide possession of such land under adverse claim of title may plead as a set-off the value of all permanent improvements bona fide placed thereon by himself, or other bona fide claimants under whom he asserts title, notwithstanding such improvements may have been made before the passage of the act. In case the legal title is found to be in the plaintiff, and it should further be found that the value of such improvements at the time of the trial exceeds the mesne profits, while plaintiff is entitled to a verdict in his favor for the land, the defendant is also entitled to a recovery for the amount of excess of the value of such improvements over the mesne profits. The act thus applied is not unconstitutional on account of being retroactive or ex post facto, or on account of its interfering with any vested right of the owner of the land." This quotation is from the first headnote in the case; and in the opinion it was said: "We deem it important in this connection only to cite the case of *Pritchard* v. *Savannah St. R. Co.,* 87 *Ga.* 294 [13 S. E. 493], where it was held that 'An action against a railroad company for personal injuries, pending when the act of November 12, 1889, amending section 2967 of the code, was

passed, was not abated by the death of the plaintiff; nor is that act, as applicable to actions pending at the time of its passage, unconstitutional.' Justice Lumpkin, in his opinion in that case on page 297, says: ' The constitution of 1865 forbade the passage of retroactive laws, injuriously affecting any right of the citizen.' No provision against retroactive legislation appears in the constitution of 1868. That of 1877 forbids the passage of a ' retroactive law.' Construing together the above constitutional provisions in connection with the section of the code cited, we take it that they all amount to substantially the same thing, and mean that retroactive laws which do not injuriously affect any right of the citizen—that is to say, laws curing defects in the remedy, or confirming rights already existing, or adding to the means of securing and enforcing the same—may be passed.' Sustaining the views of the court in that case, Justice Lumpkin cites a number of authorities. It is not an open question, therefore, in this court, as to what is really meant by the constitutional inhibition against retroactive laws in Georgia. That instrument simply strikes at such retrospective legislation as injuriously affects some substantial right of the citizen. *Bacon* v. *Mayor etc. of Savannah,* 105 *Ga.* 62 [31 S. E. 127]." Under the language of the statute quoted above, it has general applicability to instruments which appear by their caption to have been executed in one county and the official attesting witness appears to be an officer of another county, not having jurisdiction to witness deeds in the county named in the caption; the only exception being that " the terms of the act shall not apply to any pending litigation." The very language of this proviso indicates that the act was applicable generally, except where there was litigation pending at the time of its passage. And we are clear that it is applicable in the present case.

What we have said above is directly applicable to the charge as contained in the second ground of the amendment to the motion for new trial; but it is also pertinent to several other exceptions, and is controlling as to them. No elaboration of the ruling made in the third headnote is necessary.

*Judgment reversed. All the Justices concur.*