36335. GARRISON *v.* GARMON, Administratrix.

DECIDED JANUARY 11, 1957.

872

*Bullock, Bradford & Yancey, Kyle Yancey,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr.,* contra.

QUILLIAN, J. 1. "When there is any material conflict in the evidence, and where the evidence introduced, with all reasonable deductions and inferences therefrom, does not demand a particular verdict, it is error to direct a verdict." *Peck* v. *Baker,* 76 *Ga. App.* 588 (1) (46 S. E. 2d 751); Code § 110-104. The jury may accept a portion of a witness's testimony and reject a portion. *Sappington* v. *Bell,* 115 *Ga.* 856 (1) (42 S. E. 233); *Burke* v. *State,* 196 *Ga.* 702, 707 (27 S. E. 2d 313); *Lawhon* v. *Henshaw,* 63 *Ga. App.* 683 (3) (11 S. E. 2d 846); *Johnson* v. *State,* 69 *Ga. App.* 663 (1) (26 S. E. 2d 482). Questions of negligence, reasonable care, contributory negligence and proximate cause are

questions for the jury. There was some evidence in the instant case to sustain the plaintiff's contention that the defendant's husband was guilty of one or more acts of negligence alleged in the petition, and that the commission of such acts of negligence proximately caused the injuries sustained by the plaintiff. The trial judge erred in directing a verdict for the defendant.

2. The testimony of Mrs. Thomas J. Garmon as to her husband's condition while in the hospital, under the peculiar facts disclosed by the record, was irrelevant and immaterial and should not have been admitted.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*