GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,

v.

George E. SALIBA, Trustee in Bankruptcy of Mrs. Lottie Thompson Griffin, Appellee.

No. 17017.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1958.

Cubbedge Snow, T. Baldwin Martin, Jr., Macon, Ga., Martin, Snow, Grant & Napier, Macon, Ga., of counsel, for appellant.

Carl E. Westmoreland, Macon, Ga., Westmoreland & Thornton, Macon, Ga., Thomas L. Raggio, Lake Charles, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order of the district judge entered in a bankruptcy proceeding, denying a reclamation claim to an automobile which had been purchased under a conditional sales contract. It presents for decision the single question whether the district judge was right or wrong in holding that the claim of the trustee is superior to that of appellant, the unpaid seller of the automobile.

With his accustomed precision and sense of the jugular, the district judge in his order denying the petition for review has thus concisely and accurately stated the issue and as accurately epitomized the facts underlying the question for determination:

"The petitioner for review here is the holder of a conditional sales contract on a 1955 Oldsmobile, which was purchased by the bankrupt on Jan. 1, 1957. The conditional sales contract, which was dated Jan. 1, 1957 was never recorded. Shortly thereafter, the Georgia legislature enacted a statute which in substance relieved the holder of a conditional sales contract from the necessity of recording it, and provided that the failure to record such an instrument should have the same effect as the failure to record a deed of bargain and sale. This act was approved and became law on Feb. 26, 1957. The petition in bankruptcy in this case was filed on March 14, 1957. The trustee took charge of the Oldsmobile and the petitioner here, General Motors Acceptance Corporation, filed a reclamation proceeding. The referee held that the rights of the Trustee were superior to those of the petitioner, who then filed this petition with the Court.

"It is clear that under the Act of Feb. 26, 1957, the claim of a holder of an unrecorded conditional sales contract would be superior to that of the trustee in bankruptcy. But, it is equally clear that, without the aid of that statute, the claim of the trustee is superior to that of a holder of an unrecorded conditional sales contract."

With the same conciseness but not, we think, the same correctness, he has thus stated the law dictating and controlling his decision:

"After careful consideration of the authorities cited by both sides and the wording of the Act of February 26, 1957, the Court is of the opinion that said statute does not apply to contracts executed prior to its effective date. This statute is more than merely remedial in that it alters substantive rights. The court, therefore, concludes that the statute was not applicable here and the claim of the trustee is superior to that of the holder of the conditional sales contract."

Agreeing that unless the Feb. 26, 1957 Georgia statute, Laws 1957, p. 167, had the effect of completely changing the law of Georgia as it had been declared first in Evans Motors of Georgia, Inc., v. Hearn, 53 Ga.App. 703, 186 S.E. 751 and, on that authority in B. F. Avery & Sons v. Davis, 5 Cir., 226 F.2d 942, 943, the district judge was right in his conclusion, the appellant argues with confidence and conviction that the statute had just this effect, and the district judge was wrong.

■■ Urging upon us that the statute does not, as stated by the judge, alter substantive rights, but is a purely remedial statute designed to correct the result of the decisions above referred to, appellant insists that the invocation of the principle that, unless the contrary clearly appears, statutes are presumed to have prospective rather than retrospective effect, is wholly without application here and that, on the contrary, the decision of this case is controlled by Hammack v. McDonald, 153 Ga. 543, 113 S.E. 83; Tucker v. Harris, 13 Ga. 1, Boston v. Cummins, 16 Ga. 102; Pritchard v. Savannah St. & R. R. R. Co., 87 Ga. 294, 13 S.E. 493, 14 L.R.A. 721; Miller v. Greer, 111 Ga. 275, 36 S.E. 673, 52 L.R.A. 934; Walker Electrical Co. v. Walton, 203 Ga. 246, 46 S.E.2d 184. Pointing to the universality of the holding that no one has a vested right in statutory privileges and exemptions, and that until final judgment on a pending action, the repeal of the statute, which gives the right of action, or upon which the suit is predicated, destroys it, Fulton Bag & Cotton Mills v. Williams, 212 Ga. 783, 95 S.E.2d 848, the appellant confidently insists that appellee's authorities are without application, and appel-

lee's contentions in support of the order without merit.

We find ourselves in agreement with appellant's view. Indeed we think that a careful consideration and analysis of the statute in question here in the light of conditional sales legislation in Georgia and the applicable decisions clearly supports the appellant's view that it would be a distortion of the intent and effect of Sec. 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, to hold that, under the facts of this case, it enshrines the preferential position of the ideal hypothetical creditor, and, therefore, of the trustee, over the holder of the conditional sales contract beyond the power of the legislature of Georgia to change it. We think it clear that in the light of the public policy involved in and underlying the highly remedial statute in question here, the construction given it by the district judge is untenable, and it must be construed as having the effect for which appellant contends.

The judgment is reversed with directions to allow the claim.