37931.   HOSLEY *v.* RIDLEY.

DECIDED NOVEMBER 10, 1959—REHEARING DENIED
NOVEMBER 24, 1959.

*A. J. Whitehurst,* for plaintiff in error.

*Gainey & Gainey, Jesse J. Gainey,* contra.

CARLISLE, Judge.   This was a caveat to a year's support awarded to the defendant as the widow of William Horseley. On the trial, at the conclusion of the evidence, the judge directed a verdict for the applicant.   Judgment was entered accordingly, and the exception here is to that judgment.

The caveatrix testified that she married William *Hosley* on January 6, 1945, in Thomas County, Georgia; that William *Hosley* represented to her that he had been married and had a divorce and that he so swore before the ordinary; that they lived together from January 6, 1945, until his death on August 26, 1958, as man and wife in Thomas County and that she had never seen or heard of Katie Ridley until she filed her application for year's support with the ordinary in Thomas County, Georgia. She introduced a certified copy of an application for marriage license made by William *Hosley* and Idella Massey on January 6, 1945, in which William *Hosley* gave his age at that time as 44 years.   It was signed by the man as "William Hosley."   She also introduced the marriage license and the marriage certificate, which both showed that the man involved was William Hosley.

The applicant testified that she married William *Horseley* on November 30, 1913, and that she lived with him until 1930; that she had never divorced him, though she had subsequently married a Charlie English and had thereafter lived with a man named Ridley in Florida and had taken his name.   She testified that at all times William *Horseley* was in touch with her and 'knew where she was and that she never had any notice of any divorce proceeding against her.   She introduced to substantiate her evidence a certified copy of her marriage certificate as recorded in the public records of Macon County.

While no express contention was made by the evidence that the person to whom the applicant was married on November 30, 1913, was not the same person as the person the caveatrix married on January 6, 1945, the evidence was such as raised a reasonable inference that they were not one and the same person, and it would have authorized a verdict by the jury based on a finding that they were not. While it may be contended that the certified copy of the application for a marriage license was not evidence of the age of the applicant therein, this document was introduced without objection and the jury would have been authorized to consider it. Considering it as showing true facts, if the man involved in both marriages was one and the same person, as contended by the applicant, he could have been no more than 12 or 13 years old at the time the first marriage was contracted, and he would not have been of legal age to have contracted a valid marriage. Code (Ann.) § 53-102. The jury would have been authorized to believe, considering the conflict in the spelling of the names as appeared on the written application and marriage licenses and on the written certificates of marriage that they were not the same person and would have been authorized accordingly to have found in favor of the caveatrix. *Garrison* v. *Garmon*, 94 *Ga. App.* 868, 872 (1) (96 S. E. 2d 550).

It is contended by counsel for the defendant in error that counsel for the plaintiff in error has raised the matter of this conflict in the evidence for the first time before this court. It is immaterial that the specific point was not made in the trial court in this regard since the trial judge directed a verdict over the objection and exception of the plaintiff in error, and counsel for the plaintiff in error, having made a proper assignment of error thereon in the bill of exceptions, is entitled to contend for any reason which he may deem proper why the direction of that verdict was erroneous.

While the trial judge in directing the verdict properly applied the provisions of Code (Ann.) § 53-102 (1) as amended by the act approved February 22, 1957 (Ga. L. 1957, p. 83) to this case (*Hammack* v. *McDonald*, 153 *Ga.* 543, 113 S. E. 83), in regard to the presumption against divorce, there being no affirmative

evidence that the applicant and William Horseley had ever been divorced, he, nevertheless, apparently overlooked the conflict in the evidence as to a material issue, the identity of the parties to the two marriages, and in so doing and in directing the verdict, committed error.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*