## 48786. HAWKINS v. THE STATE.

DEEN, Judge. 1. This case carries a certificate of immediate review, and complains of the denial of a motion to suppress evidence on the ground of an insufficient affidavit. The latter, made by a police officer while the defendant was under arrest, states: "I was letting Rickie Hawkins make a phone call and I heard him tell the other party to get over to his, Rickie's apartment and clean

it 'up before the police got there." The witness who made this affidavit also testified: "I went down to Judge Doster's office and told him what just transpired in the office at the jail and I told him that also the subject had been locked up the previous night on a drug charge. This is what I said upon which we took the search warrant."

The magistrate may consider oral testimony as well as the affidavit in issuing a search warrant. *Marshall v. State,* 113 Ga. App. 143 (1 a) (147 SE2d 666). A direction by one under arrest on a drug charge to another person to clean up his apartment before the police get there authorizes a conclusion on the part of the eavesdropper that something in the defendant's apartment is itself unlawful or is evidence of unlawful activity. The only other logical inference (that the defendant expected the police at his apartment and wanted it to look tidy for them) is one which might well, under the circumstances, be ignored. The fact that the defendant would not have made the statement if he had thought he was being overheard does not prevent its being used as a basis for the warrant to search his home.

2. However, only a judicial officer can issue a warrant. 68 AmJur 2d 727, Searches and Seizures, § 73. A policeman, employed by a county is an "officer of the State or its political subdivisions charged with the duty of enforcing the criminal laws" within the meaning òf Code Ann. § 27-303, providing that upon complaint of any such officer under oath and revealing facts sufficient to show probable cause that a crime has been committed "any judicial officer authorized to hold a court of inquiry" may issue the warrant. Doster, the magistrate who signed the search warrant under which this cache of drugs was discovered in the defendant's home, was both a judicial officer in his capacity of justice of the peace and the magistrate to whom the affidavit was presented, and he was an "officer of the State or its political subdivisions" in that he was a lieutenant in the local county police force. As the district attorney points out in the state's brief: "There is no way that a person can investigate a criminal case and then attempt to review his own investigation with neutrality and impartiality." And there is no way in which one within the category of "peace officer" can obtain another peace officer to review facts compiled by him and make a determination as to whether they constitute probable cause for the issuance of a search warrant. Our Constitution, Art. I, Sec. I, Par. XXIII (Code Ann. § 2-123) provides: "The legislative,

judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." While separation of powers may not always obtain *within* a political subdivision such as a municipality (*Ford v. Mayor &c. of Brunswick,* 134 Ga. 820, 68 SE 733), we are dealing here not with municipal but with state judicial functions. The situation is the same as in Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564), where it was held that a search warrant was absolutely void where the finding of probable cause was made by the Attorney General, an employee of the executive branch of government. It does not matter whether Doster was working on this particular case at the time he signed the search warrant. As a lieutenant in the police force he was discharging the duties of a law enforcement officer, which is an executive function, and he could not at the same time take on and discharge the duties of a justice of the peace, a judicial function, in a criminal matter in which it is necessary for him to make a judicial decision as to the propriety of a search and possible seizure by another law enforcement officer.

The warrant was void, and the trial court erred in denying the motion to suppress the evidence obtained by its use.

*Judgment reversed. Quillian, J., concurs. Bell, C. J., concurs in the judgment for the reason stated in Division 2.*

Argued November 5, 1973 — Decided November 21, 1973 — Rehearing denied December 13, 1973 — 

*Murray M. Silver,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller,* for appellee.