## 49288. BAGGETT et al. v. THE STATE.

Bell, Chief Judge.

The defendants, William and Ginger Newbille, were jointly indicted for unlawful possession of drugs. The defendant Baggett was indicted for possession of marijuana. All of these indictments arose out of the same search. Defendants' motions to suppress were heard together and denied with the denials certified for immediate review. *Held:*

The search warrant in this case was issued by a Justice of Peace on the affidavit of a Rossville, Georgia police officer. At the suppression hearing it was shown that the Justice of Peace was employed by the City of Rossville as a radio dispatcher on weekends which required him to dispatch policemen, firemen, other city officers and vehicles, and to also frequently communicate with other police officers in northwest Georgia. The rule under the Fourth Amendment that a warrant be issued by a neutral and detached magistrate requires severance and disengagement from activities of law enforcement. Shadwick v. City of Tampa, 407 U. S. 345 (92 SC 2119, 32 LE2d 783). Although the Justice of Peace here may have been engaged only in part time law enforcement activities, this association with law enforcement is an appropriate setting for a per se rule of disqualification. See Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564). It is immaterial that the Justice of Peace was not shown to have had any prior connection with this case in his role as a police radio dispatcher. *Hawkins v. State,* 130 Ga. App. 426 (203 SE2d 622). The warrant was invalid and there is no basis to justify a warrantless search in these cases. It was error to deny the motions to suppress.

*Judgment reversed. Quillian and Clark, JJ., concur.*

Submitted May 6, 1974 — Decided July 3, 1974.

*Hatcher & Daniel, Ross L. Hatcher, III,* for appellants.

*Earl B. Self, District Attorney, Wm. Earl Glisson,*

for appellee.