## 54716. THE STATE v. BETSILL.

BIRDSONG, Judge.

The state appeals the grant of appellee's motion to suppress illegally seized evidence. The sole issue presented is whether the evidence suppressed was seized by an individual acting in a private capacity. If so, the state contends that the Fourth Amendment sanctions prohibiting illegal search and seizure are not applicable, and the trial court erred in granting appellee's motion to suppress evidence so obtained. *Held:*

1. The evidence shows that, at the time of seizure, appellee had engaged a night's lodging for himself and two other parties in a motel in Clayton County. Shortly after midnight, the motel security guard, who was also employed full time as a police officer with the City of Morrow Police Department, knocked on appellee's motel room door and requested appellee and his companions to stop smoking marijuana in the room and surrender any marijuana in their possession. Appellee replied that they had no marijuana, and the security guard, who was at all times wearing his police officer's uniform, departed.

Several hours later, two young women informed the security guard that one of the occupants of appellee's motel room had a "little baby daughter in the hospital, very sick." The security guard then attempted to telephone appellee's room, but the telephone was out of order, and he therefore knocked on appellee's door in an effort to awaken appellee. Testimony was conflicting as to what happened next, but the security guard entered appellee's room, either by kicking in the door or by using his passkey. The young women also entered the room, either preceding or following the security guard (again, testimony is conflicting) and a domestic squabble of epic proportions ensued.

In the midst of the fray, the security guard, still in full police uniform, spotted a bag containing a green substance, which he deposited in his pocket, simultaneously informing appellee that he was under arrest. Clayton County Police were summoned, and appellee was taken to the county jail, where he was charged with a violation of the Georgia Controlled

Substances Act.

2. Appellant's sole argument is based on the contention that the security guard was acting in the capacity of a private citizen, an agent of the motel. The trial court, on the other hand, obviously concluded this evidence showed that the security guard was acting as an off-duty policeman in the capacity of a law enforcement official. Though the evidence is conflicting, we adhere to the rule that, in a motion to suppress, the judge sits as the trier of fact. *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910). Credibility of the witnesses and the weight to be accorded their testimony rests solely with the trier of fact, and he is not obligated to believe a witness, even if not contradicted by other witnesses. *Chaffin v. Community Loan &c. Co.,* 67 Ga. App. 410 (20 SE2d 435). He may accept a portion of the testimony of a witness and reject another portion. *Garrison v. Garmon,* 94 Ga. App. 868, 872 (96 SE2d 550). "In essence, credibility and weight, and resolution of conflicts or inconsistencies within the testimony of a witness are matters to be determined by the judge in a motion to suppress. In the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress." *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345).

On these facts, we cannot say that the evidence demands a finding that the security guard was acting as a private individual when he seized the marijuana. Moreover, this court has recognized the rule that "The Fourth Amendment cannot be evaded by the use of a private person to do what an officer cannot do." *Gasaway v. State,* 137 Ga. App. 653, 656 (224 SE2d 772). See Byars v. United States, 273 U. S. 28 (47 SC 248, 71 LE 520). Accordingly, the trial court did not err in granting the motion to suppress.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 6, 1977 — DECIDED DECEMBER 5, 1977.

*James E. Keller, District Attorney, James W.*

*Bradley, Assistant District Attorney,* for appellant.
*Hardigg & Hardigg, James A. Hardigg,* for appellee.