## 56807. THOMASON et al. v. THE STATE.

WEBB, Judge.

Ronnie and Linda Thomason appeal from their convictions of violating the Controlled Substances Act (Code Ann. § 79A-801 et seq.), complaining of the denial of the motion to suppress evidence and other similar rulings. We reverse.

An officer appeared before justice of the peace McKeehan for the purpose of obtaining a search warrant and, after its issuance, Judge McKeehan and eight officers, together with a dog named "Satan," combined in several automobiles, one of which was owned by Judge McKeehan, and converged upon the Thomasons' residence at 1 a.m. While the search was in progress Judge McKeehan moved about observing the procedure and the items being seized, conversing with the officers as well as with Linda Thomason, and remaining for 1 1/2 hours until the search was concluded, whereupon he

prepared arrest warrants for the Thomasons.

We find this impermissible. As we recently held, "[t]he rule under the Fourth Amendment that a warrant be issued by a neutral and detached magistrate requires severance and disengagement from activities of law enforcement." *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) (1974), citing Shadwick v. City of Tampa, 407 U. S. 345 (92 SC 2119, 32 LE2d 783) (1972), and applying the per se rule of disqualification of Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971).

While the state contends that the instant case is saved from the operation of the rule by evidence that Judge McKeehan went along on this raid to determine whether there was probable cause for the issuance of additional search warrants, we need consider this contention no further since it appears from the record that this was not an isolated incident but part of an ongoing practice. To our minds this so conveys the impression that Judge McKeehan had "thrown in" with officers of the law as to negate any possibility of a finding of "severance and disengagement from activities of law enforcement" (Shadwick v. City of Tampa, 407 U. S. 345, 350, supra), and the trial court erred in so ruling. Accord, *State v. Guhl,* 140 Ga. App. 23 (230 SE2d 22) (1976).

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, P. J., Smith, Shulman, Banke and Birdsong, JJ., concur. McMurray, J., dissents.*

ARGUED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 19, 1978 —

*Cook & Palmour, Bobby Lee Cook, Sr., Kinney, Kemp, Pickell, Avrett & Sponcler, F. Gregory Melton,* for appellants.

*Charles A. Pannell, Jr., District Attorney, James E. Bethel, Assistant District Attorney,* for appellee.

McMURRAY, Judge, dissenting.

Law enforcement officers executing a search warrant of defendants' home discovered quantities of

marijuana, phenobarbital, cocaine, phentermine, amobarbital and secobarbital. Defendants were subsequently indicted, tried, convicted and sentenced for multiple violations of the Georgia Controlled Substances Act. The majority holds that the search of defendants' home was conducted pursuant to a search warrant issued by a justice of the peace whose conduct has demonstrated that he was not a neutral and detached magistrate at the time of issuing such search warrant.

Pursuant to stipulation the motion to suppress was decided by the trial court on the basis of the search warrant, the record of the preliminary hearing and an affidavit submitted by the justice of the peace who issued the search warrant. The testimony at the preliminary hearing revealed that the justice of the peace accompanied law enforcement officers when they went to defendants' home to execute the search warrant. The justice of the peace remained outside in his automobile until the premises had been secured, at which time he came into the house and stayed until the search was completed. The justice of the peace stayed back out of the way, moving about the home with other law enforcement officers as necessary to vacate a portion of the home to facilitate searches for drugs by the canine named Satan. After the search was completed the justice of the peace accompanied the law enforcement officers to the Whitfield County Correctional Center. There the itemized return on the search warrant was made to the justice of the peace.

The affidavit submitted by the justice of the peace shows that during the conversation with the law enforcement officers regarding the issuance of the search warrant in this case the officers discussed with the justice of the peace the fact that several vehicles were located at the defendants' residence and they had information that possibly one or more of these vehicles contained contraband. The justice of the peace determined that there was not enough evidence to issue a search warrant for those vehicles, and the law enforcement officers then asked him to accompany them to the defendants' home so that if sufficient probable cause was determined by an on the scene investigation a search warrant for a particular vehicle could be issued. The justice of the peace agreed to

accompany law enforcement officers for this purpose but did not take any active part whatsoever in the search and did not question anyone at the home about anything that was going on.

The majority concludes that the justice of the peace was not a neutral and detached magistrate because he had "thrown in" with officers of the law so as to negate any possibility of a finding of "severance and disengagement from activities of law enforcement." In supporting this conclusion the majority cites such cases as *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23); *State v. Guhl,* 140 Ga. App. 23 (230 SE2d 22); Coolidge v. New Hampshire, 403 U.S. 443 (91 SC 2022, 29 LE2d 564); Shadwick v. City of Tampa, 407 U.S. 345 (92 SC 2119, 32 LE2d 783). I feel, however, that an examination of these cases discloses that they are inapposite on the facts as in each case the degree of involvement in law enforcement activities by the magistrate is much greater than in this case and distinctly different in that in those cases the magistrate has actively participated in a law enforcement function while in this case the justice of the peace, although present at the scene of the search, did not participate in any way. In *Baggett v. State,* supra, the justice of the peace in question was employed as a radio dispatcher on weekends, which required him to dispatch policemen and to frequently communicate with other police officers in the area. In *State v. Guhl,* supra, at p. 24 (1) (revd. on other grounds in 239 Ga. 3 (235 SE2d 509)), the judge who issued the warrant in question was so actively affiliated with the district attorney's investigatory and prosecutorial functions with the special investigative grand jury as to warrant his disqualification. His activities, which are too numerous to list here, show that he was daily involved in advising, assisting and aiding progress of the district attorney's investigation of the defendants in that case. In Coolidge v. New Hampshire, supra, at pp. 449-453 (1), the search warrant was issued by the attorney general of New Hampshire who was authorized as a justice of the peace to issue warrants under the then existing state law, had personally taken charge of all police activities related to that case and was later to serve as chief prosecutor at the trial. The

remaining case cited in the majority opinion (Shadwick v. City of Tampa, supra) upholds the authority of municipal court clerks to issue arrest warrants for breach of municipal ordinances pursuant to a Florida statute.

There is no question that the magistrate issuing a search warrant must be neutral and detached, and that the requirement of a neutral and detached magistrate requires severance and disengagement from activities of law enforcement. See *Baggett v. State,* supra, and Shadwick v. City of Tampa, supra, at 350 (3). My difference of opinion with the majority arises from the fact that the mere presence of the justice of the peace at the scene of the search under the circumstances of this case does not necessarily compel the conclusion that the justice of the peace is thereby engaged in the activities of the law enforcement officers.

The majority draws its impression that the justice of the peace had "thrown in" with officers of the law despite conflicting evidence in the form of the justice of the peace's affidavit that he was present at the scene of the search solely as a matter of convenience to the law enforcement officers and to facilitate his availability to them. This court is a court for the correction of errors of law only and should respect the decision of the trier of fact where there is conflicting evidence. On motion to suppress evidence the trial court is the trier of fact. See *State v. Betsill,* 144 Ga. App. 267 (240 SE2d 781). In the case sub judice the trial court determined that the justice of the peace did not participate in law enforcement activities. Although there was conflicting evidence, this finding of fact by the trial court is supported by evidence and should not be disturbed by this court.

The remaining enumerations of error are also without merit, and I would affirm the judgment.

I, therefore, respectfully dissent.