58045, 58046, 58047, 58048, 58049, 58050. SANDERS v. THE STATE (six cases).

SMITH, Judge.

Appellant was indicted on six counts of the offense of theft by receiving stolen property. Code § 26-1806. We granted this interlocutory appeal to review the trial court's denial of appellant's motion to suppress. The question presented here is whether Mr. Rex Reeves, the justice of the peace who issued the search warrant involved in this case, was a neutral and detached magistrate. Appellant asserts that Mr. Reeves was not a neutral and detached magistrate (1) because he was serving as both justice of the peace and coroner when he issued the search warrant and (2) because he maintained some personal associations with law enforcement officials. We conclude that a justice of the peace is not precluded from issuing a search warrant soley because he is also a coroner. In addition, we do not believe the facts presented in the record require this court to disturb the trial court's determination that personal associations did not prevent the justice of the peace from being a neutral and detached magistrate. Accordingly, the judgment is affirmed.

1. Appellant argues that an individual who serves as coroner cannot, consistent with the Fourth Amendment of the U. S. Constitution and Art. I, Sec. II, Par. IV of the Constitution of the State of Georgia of 1976 (Code Ann. § 2-204), issue a search warrant in the capacity of justice of the peace. Appellant's position is based on the view that

the office of coroner is within the executive branch of government and that an individual who is discharging the duties of an executive office cannot constitutionally perform a judicial function by issuing a search warrant in the capacity of justice of the peace.

We do not agree that the coroner's duties in Georgia are properly classified as executive in nature. While the coroner is charged with certain ancillary ministerial duties (see Code §§ 21-106, 24-1803, 39-114, 39-1101, 29-1201 et seq., 59-207, 59-711, 66-105, 81-213, 81-219), the primary function of the coroner is to conduct an inquest. The legislature has defined the term "inquest" as "an official *judicial* inquiry before a coroner and a coroner's jury for the purpose of determining the cause of death." (Emphasis supplied.) Code § 21-202 (3). See also *Smalls v. State,* 101 Ga. 570, 571 (28 SE 981) (1897). Furthermore, as stated in Gillikin v. U. S. Fidelity &c. Co., 254 N. C. 247, 249 (118 SE2d 606) (1961), "The duty of determining whether an inquest is necessary and the manner of conducting an inquest are judicial functions." "The view that a coroner's office is principally judicial in nature is in accord with the common law and the provisions of an ancient English statute said to be declaratory of the common law." 18 CJS 292, Coroners, § 12; see also In re Senior, 221 N. Y. 414 (117 NE 618) (1917).

We conclude that a coroner is not within the executive branch of government and is not disqualified per se under the Fourth Amendment (Art. I, Sec. II, Par. IV) of the Georgia Constitution from issuing a search warrant.

2. Appellant also contends that Mr. Rex Reeves, the justice of the peace who issued the search warrant involved in this case, was not a neutral and detached magistrate as required by the Fourth and Fourteenth Amendments because of his association with law enforcement officers. In support of his position, appellant cites two facts in particular: (1) that Mr. Reeves was himself a deputy sheriff for approximately four and one-half months in 1972 and 1973, and (2) that Mr. Reeves spends a substantial amount of time at the Early County Sheriff's Office and is on good terms with individuals in that office. We do not agree that the association of Mr. Reeves with law enforcement officers prevented him from

being a neutral and detached magistrate. "The rule under the Fourth Amendment that a warrant be issued by a neutral and detached magistrate requires severance and disengagement from the activities of law enforcement." *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) (1974). The record in the instant case shows that Mr. Reeves had not participated in the activities of law enforcement for approximately six years when the search warrant was issued. The rule of per se disqualification of Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971), applied in *Hawkins v. State,* 130 Ga. App. 426 (203 SE2d 622) (1973), is thus inapplicable. In addition, there is no evidence indicating that Mr. Reeves accompanied law enforcement officers in their search, as in *Thomason v. State,* 148 Ga. App. 513 (251 SE2d 598) (1978).

The record does indicate that Mr. Reeves has spent a substantial amount of time at the Early County Sheriff's Office and county jail and has done so for many years, as a matter of routine. While some of this time is devoted to official duties, such as issuing warrants and setting bonds, a portion of the time is devoted to personal associations. The question raised here is whether these associations prevent Mr. Reeves from being a neutral and detached magistrate.

"Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). We do not believe the trial court's determination that the justice of the peace in this case was able to act as a neutral and detached magistrate was clearly erroneous.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED JUNE 12, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED OCTOBER 2, 1979 —

*William S. Stone, Lowrey S. Stone,* for appellant.

*Charles Ferguson, District Attorney,* for appellee.