## 59729. DAVIS v. THE STATE.

BIRDSONG, Judge.

Davis appeals the trial court's denial of his motion for new trial, following his conviction for arson in the second degree. The particulars of the offense are that Davis burned a laundromat owned and operated by Detective Williams of the City of Cordele. Detective Williams conducted his own investigation of the matter; the arrest warrant was issued by a justice of the peace who was also an antique dealer and a police dispatcher. *Held:*

1. It is alleged on appeal that the conviction should be overturned and a new trial granted because the arrest warrant was issued and obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution, in that it was not issued by a "neutral and detached" magistrate. Appellant cites Shadwick v. City of Tampa, 407 U. S. 345 (92 SC 2119, 32 LE2d 783), for its holding that the magistrate issuing the warrant must be severed from and disengaged from activities of law enforcement to be neutral and detached; and *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) which adopts the per se disqualification of persons with law enforcement associations as "neutral and detached" magistrates, and applies the "per se rules" of Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) and *Hawkins v. State,* 130 Ga. App. 426 (203 SE2d 622) to police dispatchers. However, assuming the arrest was illegal under *Baggett,* supra, that is not sufficient cause to set aside the subsequent and error-free conviction. *Seabolt v.*

*Hopper,* 240 Ga. 171 (240 SE2d 57).

2. It was not error to deny motion for new trial made on the grounds that appellant was denied a right to a preliminary hearing. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED JULY 2, 1980.

*A. Frank Grimsley,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.