71355. HENDON v. COCHRAN.

(338 SE2d 465)

McMURRAY, Presiding Judge.

Appellant directly appeals from the superior court's dismissal of her petition for certiorari in which she expressed dissatisfaction with the results of an inquest conducted by a coroner and coroner's jury. *Held*:

"The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers . . ." OCGA § 5-4-1. "While the coroner is charged with cer-

tain ancillary ministerial duties . . . , the primary function of the coroner is to conduct an inquest. The legislature has defined the term 'inquest' as 'an official *judicial* inquiry before a coroner and a coroner's jury for the purpose of determining the cause of death.' . . . [Former] Code § 21-202 (3) [now OCGA § 45-16-21 (3)] . . . Furthermore, as stated in Gillikin v. U. S. Fidelity &c. Co., 254 N.C. 247, 249 (118 SE2d 606) (1961), 'The duty of determining whether an inquest is necessary and the manner of conducting an inquest are judicial functions.' " *Sanders v. State*, 151 Ga. App. 590, 591 (260 SE2d 504).

As appellant has failed to follow the appeal procedures required in OCGA § 5-6-35, her appeal must be dismissed. See *Walker v. City of Macon*, 166 Ga. App. 228 (303 SE2d 776). See also *Bright v. DeKalb County*, 174 Ga. App. 662 (331 SE2d 58); *Crawford v. Goza*, 168 Ga. App. 565 (310 SE2d 1).

*Appeal dismissed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 7, 1985 —
REHEARING DENIED DECEMBER 3, 1985 —

*Robert A. Kunz, James H. Lewis*, for appellant.
*Joseph H. Fowler*, for appellee.