72195. WHISNANT v. THE STATE.

(344 SE2d 536)

BIRDSONG, Presiding Judge.

Edward Whisnant appeals his conviction for possession of more than one ounce of marijuana. On the morning of March 24, 1984, Sheriff Don Shirley of Stephens County, in conjunction with GBI Agent Attaway and four other officers executed a search warrant on the mobile home of defendant Whisnant. The officers mistakenly drove past the defendant's driveway and saw him standing in the doorway of his mobile home. They turned around and returned to the residence but Whisnant was not to be seen. The sheriff and one of his deputies went into the mobile home. Agent Attaway went around the right side of the home, and Officers Carter and Lyle went around the left side. When Officer Lyle reached the rear of the mobile home, he saw defendant Whisnant about 30 to 40 yards away "bending over putting some type of plastic into the weeds." Lyle saw Whisnant "putting those bags down with his hand." Whisnant saw the officers and fled. The officers yelled "halt." After running approximately 20 to 30 yards, Whisnant halted. Officer Lyle took Whisnant into custody and Officer Carter went to the spot where Whisnant had been bending over and found six plastic bags containing a green leafy material. The plastic bags were taken inside the mobile home and placed on a table with other items found inside the home and photographed. The confiscated green leafy material was subsequently found to be marijuana. The forensic chemist who weighed the contents found they weighed 57.7 grams, which is more than one ounce. The defendant brings this appeal. *Held:*

1. The admission in evidence of several photographs, showing the confiscated marijuana, together with a pill bottle, a set of scales, and a book titled: "Legal First Aid for Today's High Society," is enumerated as error. We find no prejudice to the defendant from the receipt in evidence of these photographs. The GBI agent testified that marijuana is usually sold in half-ounce or quarter-ounce sizes. Defendant's baggies appeared to be quarter-ounce sizes. The set of scales found in defendant's home weighed objects up to four ounces. Devices found in the home of a defendant which can be used for weighing, measuring, cutting or packaging drugs are admissible to show knowledge, intent and bent of mind. Cf. *Ramsay v. State*, 175 Ga. App. 97 (7) (332 SE2d 390); *Clark v. State*, 146 Ga. App. 697 (1) (247 SE2d 221). The book, which was photographed but not introduced in evidence, is not before us for review as the defendant failed to include in the transcript photographs admitted in evidence. However, since defendant's statement of facts in the brief is not contested by the state, we will rely upon the brief that the cover of the book shows: "Legal First Aid for Today's High Society, Everything You Must Know about Drug Laws and the Rights that Protect You." Rule 15 (b) (1) of the Court of Appeals. The prosecutor argued that the book is evidence of guilty knowledge on the part of the defendant that his conduct was in violation of the law. We agree.

The state admitted, before the jury, that the pill bottle in the picture did not contain contraband, and that it was not against the law to possess the scales. Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. *Alexander v. State*, 239 Ga. 108, 110 (236 SE2d 83). If an item of evidence has a tendency to establish a fact in issue, then it is relevant and admissible. *Patterson v. State*, 233 Ga. 724, 725 (213 SE2d 612). Georgia law favors admission of any relevant evidence no matter how slight its probative value. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360); Agnor's Ga. Evid. 165, § 10-2. We find no error.

2. Although the Georgia Crime Lab forensic chemist testified that the marijuana confiscated from the defendant weighed 57.7 grams, which is just under two ounces, defendant's counsel argued to the jury for a verdict of less than one ounce, because two of the police officers estimated that the marijuana could have been less than one ounce, but also could have been more than one ounce. Counsel argued the jury should consider whether the state had proved defendant guilty of "possession [of] less than an ounce of marijuana, which is a misdemeanor charge, and two, whether the state has proven to you beyond a reasonable doubt that the defendant possessed more than an ounce of marijuana, which is a felony."

Upon objection, the court ruled that the jury should not be con-

cerned with any effect of what their verdict would be and it was improper for counsel to so argue. Thereafter, counsel again argued to the jury as to whether "you can convict this defendant of the felony charge of possession of marijuana." The prosecutor objected on the basis that this was "the second time [counsel] had mentioned the word felony. . . ." Defendant's counsel stated: "I agree, Your Honor. I admit. I had meant to say more than one ounce of marijuana."

On appeal, counsel argues that the trial court erred in limiting his argument on both occasions. We will first note that counsel agreed with and acquiesced in the ruling of the trial court after his second characterization of the charge as a "felony." This latter ruling cannot be urged as error. No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. *Ewing v. Johnston*, 175 Ga. App. 760 (334 SE2d 703); *J&F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504); *Marlow v. Lanier*, 157 Ga. App. 184, 185 (276 SE2d 867).

Generally counsel is permitted, within the sound discretion of the trial court, to argue all reasonable inferences and deductions which may fairly be drawn from the evidence. What the law forbids is argument which introduces facts which are not in the record. *McAllister v. State*, 157 Ga. App. 158, 161 (276 SE2d 669). Counsel's characterization of permissible verdicts of the jury as a "misdemeanor" or "felony," informed the jury of the legal effect and consequences of its verdict. The court is responsible for any necessary exposition of the law to the jury. *Griffin v. State*, 154 Ga. App. 261, 265 (267 SE2d 867). In a criminal trial, counsel may read and comment on law to the jury, but this right is not absolute, but is circumscribed as to permissible scope by the sound discretion of the trial court, as in all closing argument. *Simmons v. State*, 172 Ga. App. 695, 698 (324 SE2d 546); *Maynard v. State*, 171 Ga. App. 605, 607 (320 SE2d 806); *Roland v. State*, 161 Ga. App. 197, 198 (291 SE2d 41). It is not error to preclude counsel from arguing, during closing argument, the consequences of the jury's verdict. *Strickland v. State*, 247 Ga. 219, 225 (275 SE2d 29).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 14, 1986.

*Dennis T. Cathey*, for appellant.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney*, for appellee.