A91A1412. JACKSON v. THE STATE.
(414 SE2d 262)

CARLEY, Presiding Judge.
Appellant was tried before a jury and found guilty of armed rob-

---

bery and possession of a firearm during the commission of a crime. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

A potential juror was challenged for cause on the ground that he was a part-time magistrate. The trial court's refusal to sustain this challenge is appellant's sole enumeration of error.

*Beam v. State*, 260 Ga. 784, 785 (2) (400 SE2d 327) (1991) is not controlling. A magistrate is not a full-time employee of the office of the district attorney, but is, instead, a member of the neutral and independent judicial branch of government. Art. VI, Sec. III, Par. I of the Ga. Const. of 1983; OCGA § 15-10-1 et seq. There is no contention that the potential juror, acting in his official capacity as a magistrate, had received any affidavit, had issued any warrant, or had otherwise had any prior official involvement in appellant's case. Compare *Thomason v. State*, 148 Ga. App. 513 (251 SE2d 598) (1978). "The mere fact that a juror might happen to be a [magistrate] would be no objection to his qualification as a juror, and, in fact, the intelligence and personal character of these magistrates is such as ordinarily to render them peculiarly qualified for jury service." *Evans v. State*, 13 Ga. App. 700, 701 (1) (79 SE 916) (1913). The trial court did not err in refusing to sustain appellant's challenge for cause.

*Judgments affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 25, 1991 —
RECONSIDERATION DENIED DECEMBER 10, 1991.

*Nancy K. Peterson*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.

