McCLESKEY *v.* ZIMMER.

1. The term of office of a county game and fish warden is the same as that of the State game and fish commissioner, as to its begininng and duration, under the act of 1911 (Acts 1911, p. 137).   Upon the resignation of a county game warden his successor is appointed for the unexpired term.
2. Where there is a vacancy in the office of county game warden, caused by the resignation of the incumbent, the successor of the warden who has resigned holds the office for only the rest of the unexpired term, notwithstanding it may be recited in the certificate of appointment that he is to hold for two years from the date of the certificate.
MARCH 14, 1916.

Quo warranto.   Before Judge Bell.   Fulton superior court. October 2, 1915.

*Hugh M. Scott,* for plaintiff.

*Tye, Peeples & Jordan,* for defendant.

EVANS, P. J.   This is a contest between L. D. McCleskey and W. V. Zimmer, as to who is entitled to the office of game and fish warden for Fulton county.   In an act approved August 21, 1911 (Acts 1911, p. 137), entitled an act for the protection of game animals and birds and fish, and to establish the department of game and fish, provision was made for the appointment of a State game and fish commissioner, and for the appointment of wardens and deputy wardens.   It was enacted in the first section: "That the Department of Game and Fish be established, to be in charge of the State Game and Fish Commissioner, who shall be appointed by the Governor, and the term of whose office shall be for a period of two years, beginning September 1st, 1911, or until his successor is appointed and qualified."   In the 5th section it was provided that the commissioner "shall appoint Game and Fish Wardens and

Deputy Wardens in each county of this State, such appointees to hold their office for the term of two years, unless sooner removed for cause by the commissioner." The plaintiff insists that the term of office of a county game warden begins with his appointment and continues for two years, unless sooner removed for cause. This contention confounds the term of the office of county game and fish warden with the incumbent's tenure of it. A term of office is for a definite time; it remains invariable, always the same, and is not subject in its duration to the wishes or agreements of any person whomsoever; while tenure of office may be terminated by his resignation and its acceptance. During one term there may be several tenures, but there can not be several terms in one tenure. State v. Parker, 30 La. Ann. 1182. The term of office is expressly declared to be for the term of two years, unless sooner removed for cause by the commissioner. It thus becomes pertinent to inquire when the term of office began. In some jurisdictions it has been held that in the case of appointive offices the beginning of the term of the first appointee determines the limits of the terms of successive appointees. Throop on Public Officers, § 318; 29 Cyc. 1398. The underlying reason is, that the appointive power, in the absence of legislation fixing the beginning of the term, is delegated with the power to fix the beginning of the term of the first appointee; and that thereafter all subsequent terms are governed by the beginning of the term of the first appointee. But if the General Assembly, in the creation of the office of county game warden, fixed the date of the commencement of the first appointee's official term, it can not be questioned that such initial appointment, being once made, will occur at every successive period of two years. Did the legislature fix the beginning of the term of county wardens? The general legislative scheme was to establish a department for the protection of game and fish in this State. The law enacted for their protection was to be enforced through certain officers. The scheme comprehended a State officer, with other officers under him and appointed by him, for each county in the State. The beginning of the term of the State game and fish commissioner was expressly stated to be September 1, 1911. It was not impossible for him to have appointed his county wardens and deputies on that day. The whole machinery provided for in the act could have been put in motion by the State game and fish

commissioner on September 1, 1911, if he had qualified on or before that date. If this be so, then the manifest intent of the legislature was that the terms of the first appointees of both State and county wardens should begin on September 1, 1911. This is made still clearer by the provision that the State commissioner should "appoint Game and Fish Wardens and Deputy Wardens in each county," thus putting a county warden on the same basis as a deputy warden. The appointment of a deputy continues no longer than the term for which his principal was elected; and if the principal be re-elected, it requires a new appointment to continue in office his former deputy. Greenwood *v.* State, 17 Ark. 332.

Applying these observations to the admitted facts of the case: The first game warden for Fulton county was appointed and commissioned for a term of two years from September 1, 1911. He resigned before the expiration of his term, and another was appointed to the vacancy for the unexpired term. Upon the expiration of that term the incumbent was reappointed for the term of two years which commenced September 1, 1913. This officer resigned in April, 1914, and the State commissioner appointed a successor to him for the term of two years beginning September 1, 1913. On August 9, 1915, this warden resigned, and L. D. Mc-Cleskey, the plaintiff, was appointed to the vacancy by the State commissioner, who issued to him a commission or certificate of appointment, in which it was recited that "it was to continue in force for and during the term of two years from the date of this commission, or until you are removed in the manner prescribed by law." On September 1, 1915, a new State game and fish commissioner was inducted into office, and on September 4th thereafter he appointed W. V. Zimmer, the defendant, game warden of Fulton county for two years from September 1, 1915. McCleskey brought proceedings in the nature of quo warranto against Zimmer, to oust him from the office. The court refused a judgment of ouster, and in our opinion correctly did so.

*Judgment affirmed. All the Justices concur.*