### CITY OF MOULTRIE v. MOULTRIE BANKING COMPANY.

No. 9369.   SEPTEMBER 15, 1933.   REHEARING DENIED SEPTEMBER 26, 1933.

718

*Hoyt H. Whelchel,* for plaintiff in error.   *W. G. Martin,* contra.

RUSSELL, C. J.   (After stating the foregoing facts.)

Section 11 of the general tax act of 1927 (Ga. L. 1927, p. 99), provides "that no tax shall be assessed upon the capital of banks or banking associations organized under the authority of this State,

or the United States, located within this State, but the shares of the stockholders of the banks or banking associations, whether resident or non-resident owners, shall be taxed in the county where the bank or banking association are located, and not elsewhere, at their full market value, including surplus and undivided profits, at the same rate provided in this act for the taxation of other property in the hands of private individuals. Provided, that nothing in this section contained shall be construed to relieve such banks or banking associations from the tax on real estate held or owned by them, but they shall return said real estate at its true market value in the county where located. Provided further, that where real estate is fully paid for, the value at which it is returned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares. The bank or banking associations themselves shall make the returns of the property and the shares therein mentioned and pay the taxes herein provided. Branch banks shall be taxed on the value of the capital employed in their operation, in the counties, municipalities, and districts in which they are located, and the parent bank shall be relieved of taxation to the extent of the capital set aside for the exclusive use of such branches."

The City of Moultrie insists, in one of its grounds of general demurrer, that no cause of action is set forth, because the banking company, in its petition which asks for a permanent injunction against the collection of something over $2100 of the city's tax fi. fa., does not show that that corporation has complied with the two provisos of the above-quoted act which permit the value of real estate to be deducted from the capital, surplus, and undivided profits. It is insisted that the first proviso, which declares "that nothing in this section contained shall be construed to relieve banks or banking associations from the tax on real estate held or owned by them, but they shall return said real estate at its true market value in the county where located," is mandatory and must be strictly complied with. Also as to the second proviso, "that where real estate is fully paid for, the value at which it is returned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which

the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares," it is insisted that as there does not appear from the petition the value at which each parcel was returned, and as section 11 requires that the "bank or banking associations themselves shall make the returns of the property and the shares therein mentioned and pay the taxes herein provided," the bank in this case is not entitled to the deduction prayed for. However, it does appear from the petition that the real estate involved in this case has all been fully paid for, and it is stated that the bank has returned the several pieces of real estate for taxation in the county where located. So we are of the opinion, that, properly construing the language of section 11 of the act of 1927, there was a substantial compliance with its provisions, which authorized a court of equity to allow the deduction upon which the banking company insisted. It may be that appropriate special demurrers would have required amendments pointing out more specifically the details of the several assessments and returns; for the plaintiff in error in its special demurrer states that it was the duty of the bank to return this real estate to the City of Moultrie (which the bank was not required by law to do) ; but demurrer, being itself a critic, must be free from imperfection. So we are of the opinion that the court did not err in overruling the general demurrer.

■ We are of the opinion that the court did not err in holding that the provisions of section 11 of the act of 1927 are not unconstitutional, as contended by the defendant. If banking institutions comply with the provisions of this act, they do not escape taxation upon their real estate at the same rate as their fellow taxpayers in the different counties in which the real estate is located. Having paid the taxes upon its realty once, it would be violative of the constitution to tax the real estate a second time in the county where the bank is located.

■ However, upon a consideration of the entire record, it is apparent that the court should not have permanently enjoined the levy of the balance of the fi. fa. as a whole. It is stated in the petition, and conceded, that the bank in making its return deducted one third of the assessment, in accordance with a practice which had theretofore prevailed in Moultrie, by which the assessors, upon a review, remitted one third of the assessment. It appears from

the petition that in 1929, the year here involved, the city council did not make a deduction in favor of the taxpayers of Moultrie of one third, but only of one fourth. The bank deducted from its net return the sum of $150,902, being one third thereof, and showed on its return the amount to be taxed as $313,804; and the amount of $5648.47 paid by the bank is a tax of 18 mills (the tax rate of the City of Moultrie for the year 1929) on $313,804.

Under the rulings of the court on demurrer as set out heretofore in this opinion, the City of Moultrie should have allowed the bank to make deduction from the value of the shares of the capital stock, of the amount of the bank's real estate. Under the agreed statement of facts the authorities of the City of Moultrie, in 1929, allowed a reduction from the assessed value of property for the purpose of taxation of one fourth, instead of one third, as sought to be made by the bank in its return. So we are of the opinion that, treating the unsworn statement made by the bank as a return, the plaintiff in error should have assessed the shares of the bank (under the practice of allowing a deduction of one fourth to taxpayers for the year 1929) at three fourths of $470,706.59, or $353,029.94, and issued execution for the amount of 18 mills on this valuation, or $6354.53. Crediting on this amount the sum paid by the bank of $5648.47 would leave a balance due of $706.06. It is therefore ordered that a decree be entered in accordance with this judgment, and that the fi. fa. proceed for the sum of $706.06, with interest thereon from December 20, 1929, at the rate of seven per cent. per annum.

*Judgment affirmed, with direction. All the Justices concur, except Bell, J., disqualified.*