## 23463. SMITH v. MUELLER.

CANDLER, Presiding Justice. By an Act approved March 17, 1956 (Ga. L. 1956, p. 3499) the legislature created a Board of Utility Commissioners for Catoosa County, and imposed on it the duty of operating and maintaining the Catoosa County Water District, a water facility owned by that county. The Act provides that the board shall be composed of 3 members, fixes their qualifications and salary, provides that the term of each shall begin on the approval date of the Act and fixes a different date on which the term of each shall expire. It vested power in the Judge of the Superior Court of Catoosa County to appoint successor members of the board for six-year terms. The Act was amended in 1963 (Ga. L. 1963, p. 3227) so as to give the Commissioner of Roads and Revenues of Catoosa County exclusive power to thereafter appoint the members of such board. This quo warranto proceeding was brought by H. R. Mueller to oust Herman Smith from membership on such board. His petition for the writ alleges that Smith's term of office expired on December 31, 1965; that petitioner was appointed to membership on the board by the Commissioner of Roads and Revenues of Catoosa County for a six-year term beginning January 1, 1966, to succeed Smith; and that Smith had refused to surrender the office to him and was performing the duties thereof. The petition was presented to the trial judge on January 19, 1966. Leave to file the information was then granted and a rule nisi was issued requiring respondent to show cause on January 26, 1966, why the relief sought should not be granted. It directed that respondent be served with a copy of the petition and rule nisi at least 5 days before the hearing. The clerk attached to the petition and rule nisi a citation which directed respondent to appear and answer the proceeding on February 7th. The clerk also attached to the petition and rule nisi a process requiring respondent to appear and answer the petition in 30 days. The respondent was served on January 20, 1966. He filed a plea in abatement on the ground that the proceeding did not show the date on which he was required to respond. The judge on January 26 overruled his plea in abatement, ordered the process stricken as surplusage and the parties agreed on February 2, 1966, as the hearing date. The respondent demurred to the petition on the ground that it

stated no cause of action. He also demurred on several special grounds. No issue was raised by the respondent's answer as to the eligibility of petitioner, and the allegations of fact set forth in the petition, including the existence and correctness of the exhibits attached thereto, were admitted by the answer. The demurrer was overruled and the parties stipulated that no issue of fact was raised by the pleadings. The court without hearing any evidence held that Mueller was entitled to the office and ordered Smith to vacate it. From those judgments Smith filed an appeal to this court. *Held:*

The controlling questions which the appeal presents for review are: First. Is membership on such utility board of commissioners an office title to which may be tested by quo warranto proceedings? And second. Had respondent Smith's term as a member of such utility board expired when Mueller was appointed to succeed him? These questions will be considered in the order of their statement.

1. Appellant contends and argues that membership on such utility board of commissioners is not a public office within the meaning of *Code* § 64-201. To this we do not agree. An individual who has a designation or title given him by law, and who exercises functions concerning the public assigned to him by law, is a public officer; nor is he any the less a public officer because his authority or duty is confined to narrow limits. *Bradford v. Justices of Inferior Court,* 33 Ga. 332; *Polk v. James,* 68 Ga. 128, 131 (2) ; and *Templeman v. Jeffries,* 172 Ga. 895, 901 (2) (159 SE 248). Applying this test, we hold that the Act of 1956 created a public office and that each member of such board is a public officer within the meaning of our quo warranto statute.

2. By section 2 of the 1956 Act Paul Bowman was named as a member of the board for a term beginning on the approval date (March 17, 1956) of the Act and ending on December 31, 1959. Bowman resigned on July 3, 1956, and Harlan Swanson was appointed to fill the vacancy created by his resignation. Swanson resigned on December 1, 1956, and Harold Sims was appointed to fill the rest of his unexpired term. Sims served as a member of the board until the term expired on December 31, 1959. He was not re-appointed at the end of the term but held over and continued to perform the duties of the office until May 5, 1961. Honorable Samuel D. Fariss, Judge of the Superior Court of Catoosa County, by

an order dated May 5, 1961, appointed Herman Smith to succeed him. His appointing order recites "that there is a vacancy on the Board of Utility Commissioners of Catoosa County, Georgia, due to the resignation of Harold V. Sims." The appointment of Smith was made for a period of six years, effective from May 5, 1961, to May 5, 1967. On January 3, 1966, Honorable W. M. Foster, as Commissioner of Roads and Revenues of Catoosa County, by an order which recites that the term Herman Smith had been appointed to fill expired on December 31, 1965, appointed H. R. Mueller to succeed him for a six-year term beginning January 1, 1966. On demand therefor Smith refused to surrender the office to Mueller; and, as a member of the board, has continued to perform the duties of such office. Mueller contends that Smith's term expired by operation of the 1956 Act on December 31, 1965, and Smith contends that his term began on May 5, 1961, and would not expire until May 5, 1967. A determination of this controversy depends upon the meaning of Section 2 of the Act which reads: "The board shall consist of three residents of Catoosa County, each of whom shall be a qualified voter therein and shall be a freeholder and a consumer under the Catoosa County Water District. The first members of the board shall be David Brown to serve for a term ending Dec. 31, 1956, Paul Bowman to serve for a term ending December 31, 1959, J. F. Shirley to serve for a term ending December 31, 1961, each term of office to commence on the day this Act becomes effective. After the expiration of each of the above prescribed terms of office each member of the board shall serve for a term of six years. Each vacancy in membership, whether occasioned by expiration of office or otherwise, shall be filled by appointment of the Judge of the Superior Court of Catoosa County, Georgia . . ."

Appellant argues that the above quoted section of the Act should be construed to mean that those members named by the Act were to serve until their terms as fixed by the Act expired and that all members of the board thereafter appointed were to serve for a full period of 6 years from the date of their appointments, whether the appointment was made at the end of a member's term or later during the next term. To this we do not agree. This argument confounds the term of office with the tenure of it. The term fixed for the successor of each member named in the Act is for a definite time; it remains

invariable, always the same. During one term there may be several tenures but there cannot be several terms in one tenure. That members of the board should serve staggered terms is perfectly clear from the provisions of the Act. When Judge Fariss appointed Smith to membership on the board, a portion of the term he was appointed to fill had already expired and he could legally appoint Smith to serve only during the balance of that particular term—a term which by the provisions of the Act began on January 1, 1960, and terminated on December 31, 1965, and his appointment of Smith for a period extending beyond the expiration of that term did not operate to give him membership on the board beyond the end of the term he was appointed to fill. See *McCleskey v. Zimmer*, 144 Ga. 834 (88 SE 188); *Bennett v. Public Service Commission*, 160 Ga. 189 (2) (127 SE 612); and *Talmadge v. Cordell*, 167 Ga. 594 (4) (146 SE 467). See also *Motes v. Davis*, 188 Ga. 682 (1), 686 (4 SE2d 597, 125 ALR 289); and *Conley v. Brophy*, 207 Ga. 30 (2), 32 (60 SE2d 122). Since the unexpired portion of the term Smith was appointed to fill ended on December 31, 1965, we hold that Mueller who was appointed to succeed him for a six-year term beginning January 1, 1966, was entitled to the office when this quo warranto proceeding was instituted.

And we also hold that there is no merit in appellant's contention that the trial judge erred in overruling respondent's motion to abate and his demurrers to the petition.

*Judgments affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1966—DECIDED MAY 26, 1966.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*John E. Wiggins,* for appellee.