## 30123. WHITE v. MILLER.

HALL, Justice.

This is an appeal from a judgment dismissing a quo warranto proceeding. The single issue is whether the Georgia Election Code provides the sole and exclusive means for challenging eligibility to hold public office. We rule that it does not.

The suit was brought on February 13, 1975, by a citizen of Stewart County who was the defeated candidate in the election of November 5, 1974, for the office of school board member. The defendant was the successful write-in candidate who won by one vote. His right to hold office was challenged on the basis of his failure to comply with the provisions of the Georgia Constitution (Code Ann. § 2-1201 (a)) which require a write-in candidate to provide 20 days notice of his intention of candidacy to the ordinary of the county, and to publicize his intention in the official organ of the county. The record shows that the defendant failed to comply with the publication requirement. While the quo warranto petition alleged a claim of right and title to the office on the part of the plaintiff, it was subsequently amended to strike this allegation.

The Election Code sets forth various grounds for contesting an election and one of these is the ineligibility of the candidate for the nomination or office in dispute. Code Ann. § 34-170 (b). A petition to contest the election must be filed within five days after the official consolidation and certification of the returns. Code Ann. § 34-1705 (a). The defendant contends that this is the exclusive remedy to challenge eligibility to hold the office and that no suit was brought within the time provided in the Election Code.

The answer lies in the distinction between quo warranto and election contests: They do not serve precisely the same function, because an election contest is brought by or on behalf of the unsuccessful candidate, but quo warranto is brought by or on behalf of the people for the protection of the public. See *Cutts v. Scandrett,* 108 Ga. 620, 628 (34 SE 186) (quoting High's Extraordinary Legal Remedies); 65 AmJur2d 246, Quo Warranto, § 24.

In *Hulgan v. Thornton,* 205 Ga. 753 (55 SE2d 115),

this court held that an interested citizen and taxpayer of a county, although himself a defeated candidate for the office, may institute quo warranto proceedings to test the eligibility of one elected as a county commissioner. The holding in *Hulgan* is dispositive of the question here. There is dictum to the contrary in *Cutts,* supra, 108 Ga. 631, wherein the writer of the opinion stated, "Speaking for myself, I am inclined to the opinion that by the terms of that Act [Election Act of 1893] the remedy is not only exclusive so far as concerns the contest by a defeated candidate claiming the office, but it is also exclusive when such contest is made in behalf of the state or the public." That language, however, is in conflict with *Hulgan* and will not be followed by this court. While the legislature has the power to supplant quo warranto and to provide another remedy to challenge one's eligibility for office, such legislative intent must be expressly set forth in the language of the Act itself. We find no such legislative intent in the Election Code of 1964, as amended. In fact the repealer clause of the Code (Code Ann. § 34-2001) makes no reference to quo warranto proceedings (Code Ch. 64-2).

The trial court erred in dismissing the quo warranto proceeding.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 8, 1975 — DECIDED SEPTEMBER 16, 1975.

*Daniel D. Steir,* for appellant.

*Moore, Worthington & Degenhardt, Samuel W. Worthington, III,* for appellee.