## 53312, 53313. GEORGIA RAILROAD BANK & TRUST COMPANY v. RICHMOND COUNTY BOARD OF TAX ASSESSORS; and vice versa.

SMITH, Judge.

At issue here is the interpretation of two provisions of Code § 92-2406 which imposes a tax on the shares of the stockholders of banks or banking associations. On stipulated facts the Superior Court of Richmond County interpreted the statute to mean that the Georgia Railroad Bank & Trust Co., for taxing purposes, could deduct from the value of its shares (1) the value of only the equity it owned in its bank building in Augusta, and (2) the value at which land it owned outside Richmond County, some of which was located outside Georgia, was returned for taxation in its taxing district. From holding 1 the bank appeals and we affirm that part of the judgment; from holding 2 the Richmond County Board of Tax Assessors appeals and we reverse that part of the judgment insofar as it allows deductions for real property located outside Georgia.

The dispute is grounded on the following facts: The bank wished to deduct from the value of its shares the market value of its Georgia Railroad Bank building in Augusta, which is roughly six million dollars. There existed in 1976 an outstanding mortgage on the building for about three million dollars, leaving about three million dollars in equity. The building had previously been fully paid for, but the bank thereafter borrowed funds conveying the mortgage as collateral. The bank also

wished to deduct the value at which real estate it owned outside of Richmond County had been returned for taxation. Some of the bank's holdings outside the county were located in South Carolina and North Carolina.

1. Code § 92-2406 provides that banks are not relieved from the tax on real estate held or owned by them. The proviso is added, however, that the value at which real estate is returned for taxation may be deducted from the value of the banking shares if the real estate is fully paid for, "and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares." The bank contends that its Augusta building was once fully paid for, and the building thus comes under the "fully paid for" provision of the statute and its full value should be deductible. Whatever the former status of the building may have been, it is clear that in 1976 it was not fully paid for; under the mortgage on the building three million dollars were owed. On these facts, to allow the bank to deduct the full value rather than just the equity value as prescribed by the statute would allow an avoidance of taxation which could not have been intended by the statute. For example, a bank with mortgages on several pieces of real estate could pay off one mortgage, remortgage the tract to free funds to pay off another mortgage, and so on until at last all of the bank's realty had been, at one time or another, fully paid for. The bank then could deduct the full market value of each holding instead of what might be a very limited aggregate equity interest, and the amount of the deduction would bear no relation to the amount of the bank's capital invested in the realty. This court cannot construe the statute to provide such a ready made loophole; rather, we construe it to mean the full value of realty may be deducted only when the realty is fully paid for on January 1 of the tax year. Otherwise, only the equity value may be deducted. That part of the superior court's order so holding is affirmed.

2. In *City of Moultrie v. Moultrie Bkg. Co.,* 177 Ga. 714 (171 SE 131), the Supreme Court interpreted a similarly written statute to allow a deduction for bank-owned realty located outside the bank's county.

Factually, that case did not involve land located outside Georgia. Code § 92-2406 does not expressly deal with deductions for out-of-state realty, but our view of the statute's intent leads to the conclusion that the value of lands located outside the state may not be deducted from the value of the banking shares.

The bank contends that the statute intends to relieve the bank from double taxation of its real estate, and real estate, wherever located, must be deductible at the value it is returned for taxation. However, the legislation providing the present Code § 92-2406 (Ga. L. 1975, p. 147) was entitled, "Revenue—Taxation of Banking Shares Provided, etc." It is only peripherally concerned with taxes on real estate; its primary concern is taxing banking shares. The purpose of the Act was to tax the banking shares, not to tax the real estate. It follows that protections against double taxation are meant to avoid double taxation of banking shares, not necessarily double taxation of real estate.

Thus, as discussed in Division 1 of this opinion, double taxation of banking shares is avoided in one instance by allowing the bank to deduct the amount by which the shares represent holdings in real estate in Georgia, i.e., the equity value of the realty. The net result is that the full value of the banking shares is taxed *once,* part via the direct tax and part via the real estate tax. Therein lies the intent of the statute and the answer to this legal issue: The state shall tax the full value of the shares, and no more. To the extent that taxes have already been collected in Georgia on realty, a deduction will be allowed. Where the realty lies out of state, no taxes have been collected within this state, and allowance of a deduction would result in incomplete taxation of the banking shares.

Our decision here is strengthened by the rule of construction that statutes imposing taxes are generally to be construed against the governmental unit imposing the tax (*Publix-Lucas Theaters, Inc. v. City of Brunswick,* 206 Ga. 206, 210 (56 SE2d 254)), but exemptions within that statute are to be strictly construed against the party seeking the exemption. *Southwire Co. v. Chilivis,* 139 Ga. App. 329, 332 (228 SE2d 295). The bank is seeking, in

effect, an exemption commensurate with the amount of real property it owns out of state, and to the extent the statute may not be clear on this point it must be construed strictly against the bank.

To the extent that the superior court's order allowed the bank to deduct the value at which out-of-state realty was returned for taxation it was erroneous, and that part of the order is reversed.

*Judgment affirmed in case No. 53312 and reversed in part in case no. 53313. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 19, 1977 — DECIDED APRIL 25, 1977 — REHEARING DENIED MAY 27, 1977 — ▮

*Nixon, Yow, Waller & Capers, Gwinn H. Nixon, Richard E. Miley,* for appellant.

*Robert C. Daniel, Jr.,* for appellee.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, First Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, James C. Pratt, Staff Assistant Attorney General,* amicus curiae.