## 33791. RICHMOND COUNTY BOARD OF TAX ASSESSORS v. GEORGIA RAILROAD BANK & TRUST COMPANY.

Hall, Justice.
At issue in this case is the scope of the real estate exemption permitted by Code Ann. § 92-2406 in calculating the value of bank shares for taxation.

The Georgia Railroad Bank & Trust Company deducted the value of real estate owned by the bank and acquired through mortgage foreclosure in calculating the market value of its shares for taxation. The real estate is located in Georgia and is not used for bank premises.[1] The Board of Tax Assessors of Richmond County disallowed the deduction but was overruled by the Richmond County Board of Equalization. When the Board of Tax Assessors appealed, the Superior Court of Richmond County affirmed. The court held that Code Ann. § 92-2406 entitled the Georgia Railroad Bank to deduct from the market value of its shares the value at which real estate, acquired by the bank through foreclosure and not used for bank premises, is returned for ad valorem taxation. The Board of Tax Assessors appeals.

---

[1] Only the treatment of bank-owned real property in Georgia is at issue in this case. This court earlier decided that no exemption is authorized for any out-of-state real estate. *Richmond County Board of Tax Assessors v. Ga. R. Bank &c. Co.,* 142 Ga. App. 417 (236 SE2d 95) (1977), affd. mem., (Georgia Supreme Court, No. 32641) (September 12, 1977).

Code Ann. § 92-2406 imposes a tax on the market value of shares of Georgia banks and of national banks located within Georgia. The statute provides a detailed procedure for calculating the market value of the shares. One provision permits a bank to deduct from the value of the bank shares the value at which the bank's paid for real estate is returned for taxation. If the bank's real estate is not fully paid for, the value of the bank's equity interest in the property may be deducted from the value of the bank shares.

Georgia Railroad Bank contends that "real estate" includes property acquired through foreclosure while the Board of Tax Assessors would limit "real estate" to real property used for bank premises. Because the statute provides an exemption for "real estate" without limitation, the decision of the superior court that "real estate" includes property acquired through foreclosure is affirmed.

When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms. *Brandywine Townhouses, Inc. v. Joint City-County Bd. of Tax Assessors,* 231 Ga. 585 (203 SE2d 222) (1974); *Ezekiel v. Dixon,* 3 Ga. 146 (1847). The statutory scheme for calculating the market value of bank shares involves adding the amount of capital stock, paid in capital and certain retained earnings. The statute then provides: "[N]othing in this section shall be construed to relieve such banks or banking associations from the tax on real estate held or owned by them, but they shall return said real estate at its true value in the county, municipality and taxing district where such real estate is located: Provided, further, that when real estate is fully paid for the value at which it is returned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares."

This statute plainly permits a deduction of the value of paid for real estate or of the bank's equity in real estate.

In the absence of limitation, the words "real estate" must be given their ordinary and everyday meaning. Code Ann. § 102-102. "Real estate" in its ordinary and everyday use means land, regardless of its use or manner of acquisition. An exemption for "real estate" thus includes real property acquired through foreclosure.

Appellant argues that this court earlier construed a nearly identical exemption in the bank shares taxation statute to authorize a deduction for bank premises property only. *City of Moultrie v. Moultrie Bkg. Co.,* 177 Ga. 714 (171 SE 131) (1933). This conclusion is not at all apparent from the *City of Moultrie* decision. In permitting Moultrie Banking Company to deduct the returned value of its real estate, this court focused not on the use of the realty but rather on the bank's ownership of the property and on the bank's payment of ad valorem taxes on the property. Under the rationale of the *Moultrie* decision, the Georgia Railroad Bank has qualified for the statutory exemption since the bank owns the foreclosed property and has paid ad valorem taxes on it.

The Board of Tax Assessors has also asserted that foreclosed property is not part of the capital of the bank represented in the bank shares. If this is true, no exemption for foreclosed property is necessary to avoid unconstitutional double taxation. Appellant has also carefully researched Georgia taxation of banks and has discovered a long history of full taxation of all bank property. That the real estate exemption is not constitutionally mandated and that the legislature in prior statutes attempted to tax banks fully may well be true. But these assertions only demonstrate that the legislature could eliminate the real estate exemption and not that this court would be justified in rewriting the plain language of the statute.

The Board of Tax Assessors also contends that a deduction from bank share value of the returned value of foreclosed real estate violates the Constitution of Georgia as an impermissible exemption of property from taxation, and cites *Atlanta Nat. Bldg. &c. Assn. v. Stewart,* 109 Ga. 80 (35 SE 73) (1889). This case has been substantially limited by *Ga. R. & Bkg. Co. v. Wright,* 125 Ga. 589 (54 SE 52) (1906), revd. on other grounds, 207 U. S. 127 (1907).

This court stated in the *Wright* decision that the Georgia constitutional provision only requires that the property of corporations be taxed once. The General Assembly may tax the same property again to the corporate shareholder, but this second taxation is not constitutionally required. In this case, the foreclosed real estate is taxed once through ad valorem taxation, and the Constitution does not require that it be taxed again.

The statutory exemption is plain and is not a constitutionally impermissible exemption of property from taxation.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED SEPTEMBER 5, 1978.

*Robert C. Daniel, Jr., Joel Y. Moss, Thomas L. Murphy,* for appellant.

*Nixon, Yow & Capers, Gwinn H. Nixon,* for appellee.

*Alston, Miller & Gaines, B. Harvey Hill, Jr., Michael G. Wasserman, King & Spalding, Charles H. Kirbo, William H. Izlar, Jr., Robert G. Woodward,* amicus curiae.