## 57724. JACKSON v. THE STATE.

BANKE, Acting Presiding Judge.

The defendant was found guilty of possessing more than one ounce of marijuana in violation of the Controlled Substances Act. He appeals the denial of his motion for new trial, contending that the trial court erred in overruling his motion to suppress evidence allegedly obtained as the result of an unlawful search and seizure.

The defendant was arrested following a search of his living quarters conducted pursuant to a search warrant. The affiant who obtained the warrant was the chief of police of Ashburn, Georgia, and the judicial officer who issued it was Ashburn's mayor. The latter has "all the powers of a justice of the peace to issue warrants . . ." under the city's charter. Ga. L. 1969, pp. 3135, 3144. The defendant contends that the mayor's supervisory relationship with the police department, along with his involvement in the investigation of the case, destroyed his ability to act as a neutral detached judicial officer. *Held:*

In view of the fact that the mayor, as chief executive officer of the city government, exercises supervisory control over the police department, it is doubtful whether he could ever serve as a neutral and detached magistrate with regard to the issuance of search warrants,

particularly to city police officers. See *Hawkins v. State,* 130 Ga. App. 426 (2) (203 SE2d 622) (1973); *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) (1974). In any event, the testimony in this case establishes without question that the mayor was personally involved, along with the chief, in investigating the case against the defendant, and that he in fact encouraged the chief to "catch" the defendant. Under these circumstances, it cannot seriously be maintained that he acted independently of the police and prosecution, and we are compelled to hold that the warrant was issued in violation of the defendant's fourth amendment rights. See Johnson v. United States, 333 U. S. 10, 13-14 (68 SC 367, 92 LE 436) (1948); Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971); Shadwick v. Tampa, 407 U. S. 345 (92 SC 2119, 32 LE2d 783) (1972).

It was error to deny the motion to suppress.

*Judgment reversed. Underwood and Carley, JJ., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED MAY 17, 1979.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant. *Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.