DECIDED NOVEMBER 3, 1981.

*C. Lawrence Jewett,* for appellant.
*I. J. Parkerson,* for appellee.

## 62351. VAUGHN v. THE STATE.

CARLEY, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act, Code Ann. § 79A-801 et seq. On appeal, appellant contends that the trial court erred in denying his motion to suppress evidence that had been seized during a search of his residence pursuant to a warrant issued by Judge Billy Broom, a justice of the peace. Appellant attacks the validity of this search warrant asserting that Judge Broom was not a neutral and detached magistrate as required by the Fourth and Fourteenth Amendments of the United States.

The evidence adduced at the motion to suppress hearing showed the following: On March 16, 1977, Judge Broom was appointed to the position of deputy sheriff and held that position until his resignation on January 22, 1981. Judge Broom was appointed to the position of justice of the peace on February 15, 1980 and, in such capacity, issued the search warrant in this case on November 27, 1980. Thus, at the time of the issuance of the search warrant Judge Broom held the positions of justice of the peace and deputy sheriff. Judge Broom testified that he considered the deputy sheriff position as an "honorary appointment," that he had never performed any law enforcement duties and had never received any pay in connection with this appointment. However, the documents evidencing this appointment do not support the contention that Judge Broom was merely an "honorary" deputy sheriff. His appointment as deputy sheriff is not designated as being merely honorary and the oath administered to Judge Broom was the "Official Oath of Deputy Sheriff." Furthermore, the record reveals that Judge Broom filed a bond as required of all deputy sheriffs. Ga. Code Ann. § 24-2811.

The Fourth Amendment explicitly commands that "no warrants shall issue, but upon probable cause." Case law has established the further requirement that the warrant be issued by a "neutral and detached magistrate," who must actually determine whether probable cause for a search exists. Johnson v. United States,

333 U. S. 10, 13-14 (68 SC 367, 92 LE2d 436) (1947); Shadwick v. City of Tampa, 407 U. S. 345, 350 (92 SC 2119, 32 LE2d 783) (1972). "The rule under the Fourth Amendment that a warrant be issued by a neutral and detached magistrate requires severance and disengagement from activities of law enforcement." *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) (1974), citing Shadwick v. City of Tampa, supra.

Applying the foregoing principles to the facts of the instant case, we conclude that Judge Broom was "per se" disqualified as a neutral and detached magistrate. Coolidge v. New Hampshire, 403 U. S 443, 450 (91 SC 2022, 29 LE2d 564) (1971). Our Constitution, Art. I, Sec. II, Par. IV (Code Ann. § 2-204) provides: "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall, at the same time, exercise the functions of either of the others, except as herein provided." At the time of the issuance of the search warrant in this case, Judge Broom was ostensibly authorized to exercise both executive functions in his capacity as justice of the peace. This was not proper and negates any possibility of a finding that Judge Broom was a neutral and detached magistrate. *Hawkins v. State,* 130 Ga. App. 426, 427 (2) (203 SE2d 622) (1973).

We find meritless the state's contention that the instant case is saved from the operation of the "per se disqualification rule" by the evidence that Judge Broom never actually participated in law enforcement activities. The fact is that Judge Broom, at the time of the issuance of the search warrant, was a deputy sheriff *authorized* to execute the duties associated with such an appointment. "The Fourth Amendment does not contemplate the executive officers of Government as neutral and disinterested magistrates . . . The Fourth Amendment contemplates a prior judicial judgment, not the risk that executive discretion may be reasonably exercised. This judicial role accords with our basic constitutional doctrine that individual freedom will best be preserved through a separation of powers and division of functions among the different branches and levels of Government." United States v. United States District Court, 407 U. S. 297, 317 (92 SC 2125, 32 LE2d 752) (1972). In this case, the required separation of powers was not maintained and this circumstance compels the conclusion that the determination of probable cause was not made with the requisite neutrality afforded by the detached scrutiny of an exclusively judicial officer. Accordingly, the warrant was void and as there was no basis to justify a warrantless search, the trial court erred in denying appellant's motion to suppress the evidence obtained by its use. *Hawkins v. State,* supra; *Jackson v. State,* 150 Ga. App. 67 (256 SE2d 670) (1979); *Baggett v. State,* supra.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Decided November 3, 1981.

*John P. Neal III,* for appellant.
*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.