S95A1482. BROWN et al. v. SCOTT et al.
S95A1485. SCOTT v. BROWN et al.
(464 SE2d 607)

THOMPSON, Justice.

Pursuant to a special order of the DeKalb County Juvenile Court, members of the DeKalb County Police Youth & Sex Crimes Unit ("Youth Squad") also serve as juvenile court intake officers. Youth Squad officers arrested Dan Scott, a juvenile, and charged him with rape. The charge against Scott was ultimately dismissed.

Scott, his parents, and his sister and brother-in-law, the Johnsons, subsequently brought a quo warranto petition in the Superior Court of DeKalb County, naming members of the Youth Squad as

defendants. The superior court denied quo warranto relief to Scott and his parents, finding that they were not real parties in interest because they are neither residents nor taxpayers of DeKalb County. The superior court granted relief to the Johnsons, ruling that defendants cannot simultaneously serve as police officers and juvenile court intake officers. Defendants appeal in Case No. S95A1482. Scott and his parents appeal in Case No. S95A1485. We affirm the grant of a writ of quo warranto in Case No. S95A1482; we dismiss Case No. S95A1485 because it is moot.

1. *Case No. S95A1482.* "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It may be granted only after the application by some person either claiming the office or interested therein." OCGA § 9-6-60. Defendants assert this is not a proper case for a writ of quo warranto because juvenile court intake officers are not "public officers" within the meaning of the quo warranto statute. We disagree.

A public officer is any "individual who has a designation or title given him by law, and who exercises functions concerning the public assigned to him by law . . ." *Smith v. Mueller,* 222 Ga. 186, 187 (149 SE2d 319) (1966). This conclusion is not altered simply because the officer's duties are narrowly confined. Id.

This Court has held that a public officer and employee can be distinguished on the basis of creation, duration and emoluments of office. See *Fowler v. Mitcham,* 249 Ga. 400, 401 (291 SE2d 515) (1982). A juvenile intake officer is appointed by the judge of the juvenile court to determine whether a child who has been taken into custody should be released or retained. OCGA § 15-11-19. The appointment is durable — it is not merely transitory. Cf. *McDuffie v. Perkerson,* 178 Ga. 230, 233 (3) (173 SE 151) (1933) (grand juror is not public officer). We conclude, therefore, that a juvenile intake officer is a public officer as that term has been defined by this Court: He or she has a title given by law and exercises functions concerning the public assigned by law. *Smith v. Mueller,* supra. Accord *Hayes v. City of Dalton,* 209 Ga. 286, 292 (71 SE2d 618) (1952) (police officer is a public officer within the meaning of the quo warranto statute); *Smith & Bondurant v. Meador,* 74 Ga. 416 (1885) (commercial notary public is a public officer). The mere fact that he or she may not be entitled to all of the trappings of public office does not make the office any less public. *McDuffie,* supra.

Having determined that a juvenile intake officer is a public officer and that quo warranto is appropriate in this case, we now examine whether the superior court was correct in ruling that defendants cannot simultaneously serve as police officers and juvenile intake officers. We conclude that the superior court was correct.

When the police take a juvenile into custody, they must bring him immediately before the juvenile court or contact a juvenile court intake officer. OCGA § 15-11-19 (a) (3). The intake officer must determine whether the child is to be released or detained, prosecuted formally, or adjusted informally. Id.; Uniform Rules of Juvenile Courts, Rule 2.5. In so doing, the intake officer screens the complaint and considers, inter alia, whether the court has jurisdiction, and whether the complaint is frivolous, or a petition should be filed. Uniform Rules of Juvenile Courts, Rule 4.2. This may result in a recommendation of dismissal, referral to another agency for services, or other appropriate action. Id. We have no hesitation in concluding that in performing these functions, the juvenile intake officer acts in a judicial capacity.

Our Constitution provides:

> The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

Art. I, Sec. II, Par. III. Thus, one cannot exercise both executive and judicial functions. See *Vaughn v. State*, 160 Ga. App. 283 (287 SE2d 277) (1981) (deputy sheriff cannot serve as justice of peace). It follows that police officers are "per se" disqualified from acting as juvenile intake officers. Id. They cannot assume and discharge the duties of law enforcement officers, an executive function, and at the same time undertake the duties of juvenile intake officers, a judicial function. To rule otherwise, would permit youth squad officers who are serving as juvenile intake officers to review the facts and conclusions reached by their fellow officers. This is a function they cannot be expected to do with neutrality and impartiality. See *Hawkins v. State*, 130 Ga. App. 426, 427 (203 SE2d 622) (1973) (magistrate who simultaneously serves as lieutenant in county police force cannot objectively review facts compiled by fellow officers).

Defendants assert that the separation of powers doctrine set forth in our Constitution cannot be applied in this case because they are not officers of the State. This assertion misses the mark. Defendants have assumed the duties and obligations of State officers. They *are* officers of the State. As the Court of Appeals noted in *Hawkins v. State*, supra at 428: "While separation of powers may not always obtain *within* a political subdivision such as a municipality [cit.], we are dealing here not with municipal but with state judicial functions." Thus, the separation of powers doctrine is applicable.

The superior court properly granted the writ of quo warranto in

favor of the Johnsons.

2. *Case No. S95A1485.* In view of our ruling in Division 1 affirming the grant of a writ of quo warranto, whether the superior court was correct in ruling that Scott and his parents are not real parties in interest is a moot question. See *White v. Miller,* 235 Ga. 192 (219 SE2d 123) (1975) (quo warranto is brought by or on behalf of the people for the protection of the public).

*Judgment affirmed in Case No. S95A1482; appeal dismissed in Case No. S95A1485. All the Justices concur.*

DECIDED DECEMBER 4, 1995.

*Jonathan A. Weintraub, Joan F. Roach, Melinda B. White,* for Brown et al.

*Hirsch Friedman, Robert M. Goldberg,* for Scott et al.