## S03A0352. WARD v. CITY OF CAIRO et al.

(583 SE2d 821)

THOMPSON, Justice.

In this appeal, we are called upon to determine whether OCGA §§ 36-32-2 (a) and 42-8-100 (f) (1) and (g) (1) violate the separation of powers doctrine of the Georgia Constitution. We hold that these provisions are constitutional on the grounds asserted, and we affirm the judgment of the trial court.

At the time this appeal was filed, J. Patrick Ward was a Judge of the State Court of Grady County.[1] Ward also served as Judge of the Municipal Court of the City of Cairo from 1985 until his services were terminated by the Cairo City Council in June 2001. Ward's termination as municipal court judge was precipitated by his decision to employ a private entity to provide probation supervision for the City of Cairo, and then to terminate that provider and replace it with another.

The facts show that in 1996, at Ward's request, the county entered into a contract with Community Corrections Corporation (CCC), a private entity which provided probation services to the state court. In the following year, with the city's approval, Ward entered into a second contract with CCC to privatize probation services to the municipal court. At some point prior to 2001, CCC merged with BI, Inc. (BI), its successor corporation, which continued to provide probation services to both courts.

In March 2001, Ward notified BI by letter that he was terminating its services under both contracts, and by order, transferred both courts' probation cases to Judicial Alternatives of Georgia (JAG). Ward took the position that the contracts were invalid, or alternatively, that they were breached by assignment to BI, in violation of a non-assignment clause. BI contested this action, asserting that Ward failed to comply with the termination provisions of the contracts. Subsequently, the Mayor and City Council of Cairo directed Ward to reinstate BI as the probation service provider for the municipal

---

[1] Ward was defeated in the August 2002 election.

court, and admonished him that compliance with that directive was necessary for his continued employment as judge of that court. When Ward failed to comply, the city terminated his employment as municipal court judge.

Ward brought an action for declaratory judgment against the City of Cairo and Grady County to determine the validity of the contracts for probation services; and the constitutionality of OCGA § 36-32-2 (a), which provides that a judge of the municipal court serves at the pleasure of the governing authority which appointed him; and OCGA § 42-8-100 (f) (1) and (g) (1), which authorize the chief judge of a state court, or judge of a municipal court, respectively, to enter into contracts for probation services with the approval of the governing authority. Judgment was entered in favor of defendants on all counts of the complaint. This appeal followed.

*Statutory provisions.*

1. Ward was appointed judge of the municipal court under the authority of OCGA § 36-32-2 (a). That Code section provides, in pertinent part: "the governing authority of each municipal corporation within this state having a municipal court . . . is authorized to appoint a judge of such court. Any person appointed as a judge under this Code section . . . shall serve at the pleasure of the governing authority."

Under the separation of powers doctrine of Art. I, Sec. II, Par. III of the Georgia Constitution, "The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided." See also *Brown v. Scott*, 266 Ga. 44, 46 (464 SE2d 607) (1995). Therefore, one cannot exercise both executive and judicial functions. See id.

Relying on *Brown*, supra, Ward claims that OCGA § 36-32-2 (a) unconstitutionally violates the separation of powers doctrine because it authorizes the city to control the court's day-to-day activities. In *Brown*, supra, this Court held that the separation of powers doctrine disqualified defendant police officers serving in an executive capacity from serving as juvenile intake officers in a judicial capacity. We concluded that the defendants in *Brown* were state officers because they "assumed the duties and obligations of State officers." Id. Unlike *Brown*, the issue presently before the Court involves the city's approval of the municipal court's probation service contract. In *Building Auth. of Fulton County v. State of Ga.*, 253 Ga. 242, 247 (321 SE2d 97) (1984), we held that Art. I, Sec. II, Par. III " 'relates to State legislative, judicial, and executive powers, and has no relation to municipal offices, created by the legislature, in the discharge of

strictly municipal functions'" (quoting *Ford v. Mayor & Council of Brunswick*, 134 Ga. 820, 821 (68 SE 733) (1910)).

The Municipal Court of Cairo was established by the legislature pursuant to Article VI, Section I, Paragraph I of the Constitution of the State of Georgia, which authorizes the establishment of municipal courts to "have jurisdiction over ordinance violations and such other jurisdiction as provided by law." Because the municipal court is a municipal office discharging strictly municipal functions, OCGA § 36-32-2 (a) does not violate the separation of powers doctrine of the Georgia Constitution. *Building Auth. of Fulton County*, supra.

2. Ward asserts that OCGA § 42-8-100 (f) (1) and (g) (1) also violate the separation of powers doctrine because these provisions unconstitutionally allow the executive to invade the province of the judiciary by requiring the governing authority's approval of the selection of a private probation service provider by the judiciary.

(a) OCGA § 42-8-100 (f) (1) is applicable to state courts; it provides, in part:

> The chief judge of any court within the county, with the approval of the governing authority of that county, is authorized to enter into written contracts with corporations . . . to provide probation supervision . . . and other probation services for persons convicted in that court and placed on probation in the county. . . . The final contract negotiated by the chief judge with the private probation entity shall be attached to the approval by the governing authority of the county to privatize probation services as an exhibit thereto.

"The separation of powers [doctrine] is sufficiently flexible to permit practical arrangements in a complex government." See *Greer v. State of Ga.*, 233 Ga. 667, 669 (212 SE2d 836) (1975). See also *Mayor &c. of Americus v. Perry*, 114 Ga. 871, 881 (4) (40 SE 1004) (1902) ("[w]hile the constitution declares that the three departments of government shall be separate and distinct, this separation is not[, and cannot,] from the nature of things . . . be total"). Because the probation process, and hence, the state court's selection of a private probation services provider, financially impacts the governing authority, it does not invade the province of the judiciary to attach such contract to the governing authority's approval. Furthermore, this statute is no more intrusive than statutory authority permitting the county to set a judge's salary, OCGA § 15-22-1 et seq.,[2] which this Court held to be constitutional in *McCray v. Cobb County*, 251 Ga. 24

---

[2] OCGA §§ 15-22-1 to 15-22-8 were repealed by Ga. Laws 1983, p. 884, § 7-1, effective June 30, 1983.

(302 SE2d 563) (1983). Accordingly, we conclude that OCGA § 42-8-100 (f) (1) "permit[s] practical arrangements in a complex government," and therefore does not violate the separation of powers doctrine. *Greer v. State of Ga.*, supra at 669.

(b) OCGA § 42-8-100 (g) (1) pertains to municipalities; it provides, in pertinent part:

> The judge of the municipal court of any municipality . . . with the approval of the governing authority of that municipality . . . is authorized to enter into written contracts with private corporations . . . to provide probation supervision . . . and other probation services for persons convicted in such court. . . . The final contract negotiated by the judge with the private probation entity shall be attached to the approval by the governing authority of the municipality . . . as an exhibit thereto.

As the trial court correctly concluded, OCGA § 42-8-100 (g) (1) does not violate the separation of powers doctrine because it addresses strictly municipal functions. See *Building Auth. of Fulton County v. State of Ga.*, supra.

(c) Ward contends that OCGA § 42-8-100 (f) (1) and (g) (1) must be interpreted to *require approval* by the appropriate governing authority of a judge's decision to privatize probation services. However, this interpretation is unfounded. "When a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms." *Richmond County Bd. of Tax Assessors v. Georgia R. Bank &c. Co.*, 242 Ga. 23, 24 (247 SE2d 761) (1978). The plain language of the statute provides that if a judge decides to use a private probation service provider, the judge must present the resulting contract to the governing authority for approval. This is because the governing authority bears the ultimate fiscal responsibility for the court's operation.

It follows that OCGA § 42-8-100 (f) (1) and (g) (1) are not unconstitutional for any of the reasons asserted.

*Contract claims.*

3. Ward asserts that CCC's president was not authorized to enter into the contracts on behalf of BI, and thus the contracts were not valid and binding. However, "[a]n instrument executed in the name of a corporation by its president and under the seal of a corporation is presumed to have been executed by its authority, but this presumption is rebuttable." (Punctuation omitted.) *Computer Maintenance Corp. v. Tilley*, 172 Ga. App. 220, 221-222 (322 SE2d 533) (1984)

(quoting *Adams Loan &c. Co. v. Dolvin Realty Co.*, 48 Ga. App. 183, 184 (3) (172 SE 606) (1934)). The presumption has not been rebutted here.

4. Ward further claims that he validly terminated BI's services, even though he did not follow the contract's termination procedures, because CCC improperly assigned the contracts to BI. However, testimony of Roy Harrell, an employee of BI, established that BI acquired CCC as a wholly owned subsidiary before the contracts were executed. Therefore, CCC, which subsequently merged with BI, did not improperly assign the contracts to BI. Ward's claim disregards the general rule that "the successor corporation succeeds to the rights and privileges of the constituents unless some rule of law provides otherwise." *Winchester Constr. Co. v. Miller County Bd. of Ed.*, 821 FSupp. 697, 701 (M.D. Ga. 1993) (citing *Tennessee v. Whitworth*, 117 U. S. 139 (6 SC 649, 29 LE 833) (1886)). See also OCGA § 14-2-1106 (a) (2) (title to property owned by a corporation party to a merger is vested in the surviving corporation without reversion or impairment). Because CCC's rights and duties under the contracts vested in BI as its successor corporation, there was no assignment of the contracts.

5. Ward claims that he was entitled to payment of his attorney fees pursuant to OCGA § 45-9-21 (e) (2) (governing authority shall pay county official's attorney fees when county attorney is unable to represent him due to a conflict of interest). However, he is not a "county officer"[3] within the meaning of the statute. Thus, the trial court properly denied his claim. See *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791) (1995).

*Judgment affirmed. All the Justices concur.*

Decided March 27, 2003.

*Gilbert J. Murrah*, for appellant.
*Lehman & Cauley, Thomas L. Lehman*, for appellees.

---

[3] Pursuant to OCGA § 45-9-21 (e) (1), "county officer" includes the sheriff, the judge of the probate court, the clerk of the superior court, and the tax commissioner or tax collector and tax receiver of a county.